### SNODGRASS v. SNODGRASS.

VENDOR AND PURCHASER. — *Contract.* — *Specific Performance.* — *Damages.*—A contract dissolving a partnership between A. and B. stipulated that a tract of land, the equitable title of which was in the firm, should be conveyed in fee to A. Afterwards, B. fraudulently combined with a third person, paid a certain amount of the purchase-money remaining unpaid at the date of said contract, and caused the conveyance to be made to said third person.

*Held,* that A. was not confined to a suit for specific performance, but might proceed against B. for damages.

ARBITRATION AND AWARD.—*Judgment on Award.*—*Practice.*—No question is raised by merely objecting to a motion for judgment on an award of arbitrators and excepting to the ruling sustaining such motion; the party desiring to oppose the rendition of judgment should show affirmatively why it should not be rendered.

APPEAL from the Ripley Circuit Court.

GREGORY, J.—Suit by the appellee against the appellant in the court below on a contract dissolving a partnership between the plaintiff and defendant. The complaint is in three paragraphs. No question is made on the first. There was no demurrer to the complaint, but it is assigned for error, that neither the second nor third paragraph states facts sufficient to constitute a cause of action. The case by agreement was arbitrated. The award shows that there was no finding against the appellant on the third paragraph of the complaint; there is, therefore, no available error, as the appellant was not injured.

The second paragraph is for a breach of a stipulation in the contract of dissolution, by which the plaintiff was to have conveyed to him in fee a tract of land, the equitable title of which was in the firm. It is averred that three hundred dollars of the purchase-money remained unpaid at the time the contract in suit was executed; that the defendant, fraudulently combining with one Fuller, his brother-in-law, paid the three hundred dollars and caused the conveyance to be made to the latter. It is argued, that if this is true, Fuller holds subject to the plaintiff's equities, and that the plaintiff's remedy is for specific performance. It is doubt-

less true that the appellee could have specific performance of this part of the contract, but it is equally true that as the appellant had put it out of *his* power to comply with his contract, the plaintiff could proceed against him for damages. This paragraph contains a good cause of action.

The award, together with the agreement of submission, was filed in the court below, and, on proof, a rule was made against the appellant to show cause why judgment should not be rendered thereon.

The plaintiff moved for judgment; the defendant objected; the court sustained the plaintiff's motion; the defendant excepted.

It is claimed that the arbitrators exceeded their powers. If this is so, it seems to us that the proper practice, under the statute, required the defendant to show cause affirmatively in the court below why the judgment should not have been rendered. 2 G. & H. 345–6, sec. 16.

There are three clauses in the sixteenth section of the act relative to arbitrations, under which the defendant could have shown cause against the rendition of judgment on the award. Some of these, if not all, are of such a character as to lead to issues of fact. Fair dealing would seem to demand that the defendant should have specified the grounds of his objection, so as to give the plaintiff an opportunity to controvert them.

Indeed, the eighteenth section of that act expressly provides, that "the court shall hear the proofs and allegations of the parties, to invalidate and sustain such award."

If the defendant wished to have the award set aside, he should have put upon the record an allegation to justify such action of the court. For the court in such cases simply to refuse to render judgment would work great injustice. While the award is allowed to stand the parties can have no further remedy; it has the force of a verdict as between them.

Judgment affirmed, with costs.

*E. P. Ferris,* for appellant.