Filed March 14, 1884.

---

No. 10,276.

## DRUM v. STEVENS.

SPECIFIC PERFORMANCE.—*Complaint.—Agreement.—Statute of Frauds.*—A complaint for the specific performance of a parol contract to convey land is good without averring an agreement to convey, if it allege facts from which the law will imply such an agreement, and also facts which take the case out of the statute of frauds.

SAME.—*Possession.*—Where a parol contract for the conveyance of lands is taken out of the statute of frauds by the delivery of possession to the vendee and the making of improvements, the right to specific performance is not lost by a temporary cessation of actual possession under circumstances which, however, indicate an intention not to surrender the right.

SAME.—*Husband and Wife.—Contract.—Evidence.*—The rights of a married woman acquired by contract can not be affected by another contract made by the husband not in her presence, nor shown to be by her authority, and evidence thereof is not admissible.

PLEADING.—*Denial.—Harmless Error.*—Where the general denial is pleaded, there is no injury in sustaining a demurrer to an argumentative denial.

INSTRUCTION.—*Evidence.—Harmless Error.*—A mistake in stating to the jury that a fact is averred in the complaint, which only appears by necessary implication, is harmless. So, also, in enumerating the facts necessary to entitle the plaintiff to recover, the omission of an essential fact, which is, however, shown by the evidence without conflict, is harmless.

From the Wells Circuit Court.

*J. S. Dailey* and *L Mock*, for appellant.

*T. W. Wilson*, for appellee.

BLACK, C.—Harriet Stevens sued the appellant for specific performance of a parol contract for the conveyance by the latter to the former of certain real estate—a town lot.

After the filing of the transcript in this court, said Harriet died, and by agreement Samuel P. Stevens, her sole heir, was substituted as appellee.

By the assignment of errors the appellant questions the sufficiency of the complaint, and complains of the action of the court in sustaining a demurrer to the second paragraph of an answer of two paragraphs, and in overruling the appellant's motion for a new trial.

The complaint, omitting its title and the signature of the plaintiff's attorney, was as follows:

" Harriet Stevens, plaintiff, complains of John Philip Drum, defendant, and says that on the — day of August, 1880, the plaintiff, by a parol contract, purchased of the defendant Philip Drum the following real estate in Wells county, Indiana, to wit: Lot number sixty-one (61), in Curryville, as the same is designated and described on the recorded plat of said town, for the sum of $25, and that said plaintiff, under and by virtue of said contract with said John Philip Drum, and by and with his consent, took immediate possession of said premises, and made lasting and valuable improvements thereon, and has ever since held peaceable and quiet possession and control of the same; that long before the commencement of this suit the said plaintiff was ready and willing to pay said purchase-money, and that she offered to pay said defendant Philip Drum the said purchase-money, and demanded of him that he perform his contract by making plaintiff a deed in fee simple for said real estate, which he refused to do, and that plaintiff is still willing to pay said purchase-money, and brings the same here into court for the use of said defendant. Wherefore plaintiff demands that the defendant Philip Drum be compelled by the order and judgment of this court to specifically perform his said contract, or that on his failure or refusal to do so, a commissioner be appointed by the court to make, ex-

ecute and deliver to the plaintiff a good and sufficient deed in fee simple for said real estate, and other proper relief."

It is objected, on behalf of the appellant, that it was not averred in the complaint that the defendant entered into any agreement or made any promise to convey the real estate, or to do any act which he failed to do.

A court of equity is not without power to require the execution of a deed of conveyance of real estate in an action therefor, though the evidence should not show an express agreement for the execution of a deed. The ground on which a court of equity proceeds, where, to use the common expression, the contract has been taken out of the statute by part performance, is not that there is a valid contract, but that unless the court interpose one party will be enabled to defraud the other.

A parol gift of land may be so far executed that the donee who has been put into possession and has made expenditures for lasting improvement will be entitled to a decree for a conveyance. *Lobdell* v. *Lobdell,* 36 N. Y. 327; *Freeman* v. *Freeman,* 43 N. Y. 34 (3 Am. R. 657); Pom. Con., sections 130, 131.

Besides, the full ownership of land, the legal title, does not pass by mere delivery; and an agreement to sell land, or a purchase of land, implies an agreement or understanding that the vendor shall do what is necessary to transfer the full ownership, the legal title.

Under the code, it is sufficient for a party to state, in his pleading, the actual facts on which his cause of action or his defence is based. Facts which the law will imply from other facts stated need not be pleaded. A contract may be pleaded according to its legal effect.

The complaint is loosely drawn, and perhaps by motion the plaintiff might have been required to make it more definite, but looking, as a court of equity, to substantial justice between the parties, we think the complaint not liable to the objection made by counsel.

The second paragraph of the answer amounted to nothing more than an argumentative denial. The first paragraph was a general denial, and the issue formed thereby was tried. Therefore, there was no available error in sustaining the demurrer to the second paragraph. This is such a well settled rule of practice in this State that the citation of authority is not needed.

Objection is made to an instruction to the jury, on the ground that in stating therein the nature of the plaintiff's cause of action the court represented the complaint as alleging "that it was agreed that when that sum" (the consideration mentioned in the complaint) "should be paid by the plaintiff, the defendant should make the plaintiff a deed for the lot." This was not specifically alleged in the complaint. Of the making of such an agreement by the parties, the plaintiff had given positive evidence on the trial. We think this was not a material variance, but that the complaint might have been amended on the trial so as to correspond with this evidence; the cause of action would not thereby have been materially changed; and the fact that the court, in its instruction, treated the complaint as so amended ought not to work the reversal of the judgment.

It is objected that the court, in instructing the jury, did not require that the possession of the vendee should be taken under or by virtue of the contract.

The evidence of both parties clearly showed that the plaintiff and her husband went into possession and made lasting and valuable improvements, and that the possession was taken with the consent of the defendant, and that the improvements were made with his knowledge and consent.

There was a conflict in the evidence as to whether the contract under which possession was taken was made with the plaintiff or with her husband, but that a contract was made, and that the possession was taken pursuant thereto, and that the improvements were made in reliance thereon, the evidence showed without dispute. The jury found expressly

that the contract was made between the plaintiff and the defendant for the conveyance of the real estate to the former; that she took possession; that she made or caused to be made valuable and permanent improvements, of the value of $300; that her money, amounting to $285, was invested in said improvements; that she had tendered to the defendant the purchase-money and demanded of him a deed before suit, and that she had kept the tender good and deposited the purchase-money in the court for the defendant's use.

Under the circumstances, we can not regard the failure to instruct the jury that the possession must have been taken pursuant to the contract as an available error.

The eighth instruction was as follows:

" If you find from the evidence that the plaintiff, after buying the ground and making improvements, voluntarily abandoned it to the defendant or turned it over to and put the defendant in possession, and that the defendant was so in possession with the plaintiff's consent at the time suit was brought, then the plaintiff can not maintain this action. But if you find that when the plaintiff left the actual possession she locked the house up and put the keys into the hands of an agent, with directions to rent the premises, and that afterward the defendant, without any permission from the plaintiff, went on the premises and took possession thereof without leave, then his possession so acquired would not at all interrupt or prevent the plaintiff's right of action, if she had one before she did so." There was evidence to which this instruction was pertinent.

When, under a verbal contract for the sale of land, possession has been taken by the vendee, and thereby a right of action for specific performance of the contract has accrued to him, if the possession be abandoned by him with intent to surrender all right and interest so acquired, the original possession would thereby cease to be available as a part performance; but when possession so obtained is temporarily suspended or interrupted, under such circumstances as indicate

that the vendee does not intend thereby to waive or surrender his accrued right of action for specific performance, it will not be defeated thereby.

We think the instruction in question was not subject to objection from the appellant.

On the trial the appellant offered to prove by his own testimony, that the plaintiff's husband was indebted to the appellant in certain sums for boarding and keeping said husband's horses, and that it was agreed by the appellant and said husband, out of the plaintiff's presence, at what time was not stated, that the appellant was not to make a deed for the lot mentioned in the complaint to said husband, until said sums were paid to the appellant, and that said sums were due and owing to the appellant from said husband.

This offered evidence would not tend to disprove the alleged contract with the plaintiff, and could not affect her contract relation with the appellant. It was irrelevant, and was rightly excluded.

The same may be said of another offer of like evidence, the exclusion of which was stated as a cause for a new trial.

Among the reasons stated in the motion for a new trial was the making of a certain remark by the court to counsel for the appellant, in the presence and hearing of the jury. By reference to the bill of exceptions we find that the language of the court was materially different from that set out in the motion. It is, therefore, improper for us to decide whether the remark actually made was an irregularity which would have been good ground for a new trial.

We find no available error in the record.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the appellant's costs.

Filed March 14, 1884.