Filed Dec. 11, 1891.

———————◆———————

No. 300.

## Brown, Administrator, v. Sullivan.

Decedents' Estates.—*Statement of Claim.*—*Sufficiency of After Verdict.*—A statement of a claim against an estate alleging that a certain amount " is now justly due and owing to affiant, after making all proper deductions," is sufficient after verdict.

Same.—A succinct and definite statement of a claim, showing a *prima facie* indebtedness against the estate and in favor of the claimant, sufficient to bar another action for the same demand, is all that is required in claims against estates.

From the Washington Circuit Court.

*S. D. Hendricks,* for appellant.

CRUMPACKER, J.—The appellee filed a claim against the estate of Orange Brown, deceased, of which William H. Brown is administrator, in substance as follows:

Elizabeth Sullivan, being sworn, says the account set out below in her favor against the estate of Orange Brown, deceased, is correct; that the amount shown in said account, to wit, $41.13 principal and $25.67 interest, is now justly due and owing affiant, after making all proper deductions; that in December, 1883, the decedent received, in bidding off certain lands, the interest which the claimant had in the judgment under which said lands were sold, and there is due her thereon in principal and interest the sum of $68.80.

The statement was signed and verified by the claimant, and the cause was tried by the court, which allowed the claim to the amount of $57.15.

The administrator prosecutes the appeal, and insists, first, that the "complaint" does not state facts sufficient to constitute a cause of action.

The only objection pointed out is that the statement does not comply with the provisions of section 5, Acts 1883, p. 153, which require the affidavit filed with the claim "to set forth all credits and deductions to which the estate is entitled," and that the claim, after making such deductions, "is justly due and wholly unpaid."

If the claim is embodied in an affidavit stating sufficient facts no other need be filed. It is alleged in the statement that the amount "is now justly due and owing to affiant, after making all proper deductions."

It is unnecessary to say what the result would have been had the statement been tested by demurrer, but, coming before us, as it does, supported by the curative agencies of the finding, we are constrained to hold it sufficient.

While the finding will not supply the omission of a neces-

sary allegation, it will cure defective averments, which are susceptible of being elucidated by the evidence, and thus render many pleadings good which would be defective on demurrer.    *Clegg* v. *Waterbury*, 88 Ind. 21 ; *Lewis* v. *Bortsfield*, 75 Ind. 390.

A succinct and definite statement of a claim, showing a *prima facie* indebtedness against the estate and in favor of the claimant, sufficient to bar another action for the same demand, is all that is required in claims against estates.    *Taggart* v. *Tevanny*, 1 Ind. App. 339.

It is next insisted on behalf of appellant that the decision of the court is not sustained by the evidence.

It was shown by the evidence that one Hatfield held a note for about $270 against William J. Goen, secured by mortgage upon the real estate of the latter.    Appellee arranged with the decedent, William Brown, and Eunice Goen to raise the money and pay off the Hatfield mortgage, she agreeing to furnish part of the money.    This was done, and said William J. Goen gave the parties a note for $247, secured by mortgage upon said real estate, which was payable to the decedent, William Brown, Eunice Goen and the appellee jointly.    Appellee advanced no money to pay upon such mortgage, but she had a note for $41.13 against one Wesner, which she assigned to the decedent to be used in paying upon the mortgage, and he afterwards collected the note and retained the proceeds.    Subsequently said $247 note was sued upon, and the mortgage was foreclosed in an action by all of the payees, and the decedent, William Brown, and Eunice Goen purchased the mortgaged premises at sheriff's sale for the full amount of the judgment and costs, and at the expiration of the year for redemption they obtained a deed therefor.    The judgment was satisfied by the purchase, but the appellee received nothing thereon, and the note she assigned the decedent, with interest thereon, being the amount of the interest claimed by her in the judgment, is the basis of her claim in this case.

There was evidence tending to prove that the money received by the decedent on the Wesner note went toward the payment of the Hatfield mortgage, and formed part of the consideration for the note and mortgage under which the foreclosure was had. It is claimed by appellant that the proceeds of such note were applied to reduce the Hatfield mortgage, and that the other parties furnished the balance for which the $247 note was given.

This was a controverted question upon the trial, and we do not feel justified in disturbing the decision.

The judgment is therefore affirmed.

Filed Dec. 11, 1891.