Ross, J.
The appellees filed a claim against the estate of Robert Stewart, deceased, in the office of the clerk of the Boone Circuit Court. The claim was not allowed, and was thereupon transferred to the issue docket for trial. On application of the appellant the venue was changed to the Montgomery Circuit Court, where the cause was tried by a jury, and a verdict returned in favor of the appellees for the sum of five hundred and eighty dollars. The appellant moved for a new trial, which motion was overruled by the court and judgment rendered on the verdict.
The first objection urged is that the complaint, or claim, filed is insufficient in that it does not state that the services for which claim is made ‘ ‘were furnished or rendered by said Small and wife, or either of them, or *101 that they had anything whatever to do with furnishing the board, washing, etc., for which they seek to recover from his estate;” that there is nothing to show that they furnished the board, washing, sewing and nursing at the instance and request of the decedent, or that he ever agreed to pay therefor.
The claim as filed, reads as follows:
“Estate of Robert Stewart, deceased. In account with James M. Small and Laura E. Small, wife of James M. Small. Dr.
For board, washing, sewing, nursing and expense of last sickness, watching with and caring for deceased from November 1st, 1888, to Sept. 29,1893. Total of 256 weeks. $2,Í25.”
The statute, sections 2465 and 2466, R. S. 1894, provides that no action shall be brought against the administrator or executor of an estate, by complaint and summons, for the recovery of any claim against the decedent, but that the holder of such claim shall file a succinct and definite statement thereof in the office of the clerk of the court in which the estate is pending.
Does the claim filed meet the requirements of the statute? In the case of Taggart, Admr., v. Tevanny, 1 Ind. App. 339, a claim almost identical with the one under consideration in form and substance, was held to be sufficient. The court, in considering whether or not it sufficiently showed an agreement to pay, says:
“"We think the statement contains language from which such an inference may properly be drawn. It is averred that the services were rendered, and for whom and by whom they were rendered, the nature of the services, the length of time they continued, and their value. In addition to these averments in the body of the claim the affidavit attached to it contains the statement *102 that the amount stated, is now justly due and owing, to the claimant.”
In this case the affidavit required by section 2465, supra, was attached to the claim, and any indefiniteness or uncertainty in the claim proper is supplied by the statements in the affidavit. The same particularity and certainty is not required in claims filed against estates that is required in a complaint. It is sufficient if the statement apprises the administrator or executor of the nature of the claim, the amount demanded, and contains enough substance to bar another action for the same demand. Brown, Admr. v. Sullivan, 3 Ind. App. 211.
It is next urged that the court erred in overruling appellant’s motion for a new trial. The reasons assigned in the motion for a new trial are:
“1st. Because the damages assessed by the jury are excessive.
“2d. The assessment of the amount of damages is erroneous, being too large.
“3d. The verdict of the jury is not sustained by sufficient evidence.
“4th. The verdict of the jury is contrary to law.
“5th. The court erred in giving on its own motion each of the instructions numbered 1, 2, 3, 4, 5, 6 and 7, and in giving each of said instructions.”
The fifth reason is not argued by counsel, hence it is waived.
It is insisted that the evidence is insufficient to sustain the verdict in that there is no evidence tending to prove that .the decedent agreed or promised to pay appellees for the services rendered. In this we think counsel are in error. True, a number of witnesses, among them several brothers and sisters of the appellee Laura E. Small, testified that she said, during her father’s lifetime, that she was keeping him for the rent of forty acres of *103 land which he owned, but there is other evidence, by other witnesses, of what the decedent himself said about how he was to pay for such care, namely, that Laura should have the forty acres of land. Considering all of the evidence together, we think there is sufficient from which a jury might reasonably infer a promise on the part of the decedent to pay for his board, nursing, care and attention.
Filed Nov. 16, 1894.
It has been held, and we think correctly so, that a promise by a parent to give to a child land in consideration of boarding, nursing, care and attention is sufficient to rebut the presumption which arises, because the services were rendered while the parent was living as a member of the child's family, that they were gratuitously rendered. Wallace, Admr. v. Long, Guar., 105 Ind. 522.
The amount of the recovery is not excessive.
Judgment affirmed.