Stone, Administrator, *v.* Morgan, Guardian.

Petition overruled.

Filed June 13, 1895.

---

No. 1,327.

## Stone, Administrator, *v.* Morgan, Guardian.

PRACTICE.—*Overruling Demurrer to Bad Paragraph of Claim.— When Reversible Error.—Decedent's Estate.*—The overruling of a demurrer to a bad paragraph of claim against a decedent's estate is reversible error where the record does not disclose whether the verdict was based on one or both paragraphs of the claim.

DECEDENT'S ESTATE.—*Claim Based on Specific Contract Not Enforcible.—Statute of Frauds.*—A paragraph of claim against a decedent's estate, based on a specific contract which cannot be enforced by reason of the statute of frauds is insufficient on demurrer, where the only theory on which it could be sustained is the *quantum meruit* for the value of the services rendered.

Dissenting opinion by LOTZ, J.

From the Monroe Circuit Court.

*J. H. Louden, R. A. Fulk, E. Corr, W. H. Martin, W. W. Moffett* and *T. J. Louden,* for appellant.

*H. C. Duncan* and *A. M. Cunning,* for appellee.

DAVIS, J.—The claim in this case is in two paragraphs. The first is as follows :

"Estate of William Stone to John D. Morgan, guardian of Samuel Briscoe, Dr., 1886 to 1892. To services rendered under contract with decedent in performing manual labor in attending to his physical wants, to making rails, cutting wood, looking after his farm and personal property, by which the said decedent agreed to will to the said ward the whole of his estate, valued at $13,500.00."

The affidavit thereto attached is, in substance, that said thirteen thousand five hundred dollars, the balance shown in said account, is justly due and owing to him.

A demurrer was overruled to this paragraph and proper exception reserved. Appellee, on trial by jury, recovered verdict for $8,112.00, on which judgment was rendered against the estate. The only theory on which the first paragraph can be sustained is that it is an action to recover on the *quantum meruit* the value of the services rendered. In our opinion this position is not tenable. The first paragraph is a complaint to recover on the alleged special contract therein mentioned. The value of the services is not referred to. The *gravamen* of the action is to recover the value of the property. It is not an action to recover for the value of the services rendered, but is an action to recover the value of the whole estate. *Puterbaugh, Admr.,* v. *Puterbaugh,* 7 Ind. App. 280; *Knight, Admr.,* v. *Knight,* 6 Ind. App. 268; *Hershman, Admr.,* v. *Pascal,* 4 Ind. App. 330; *Taggart, Admr.,* v. *Tevanny,* 1 Ind. App. 339; *Forester* v. *Forester,* 10 Ind. App. 680.

This paragraph does not show a *prima facie* indebtedness against the estate. *Brown, Admr.*, v. *Sullivan*, 3 Ind. App. 211. The record does not disclose whether the verdict was based on one or both paragraphs of the complaint.

The demurrer to the first paragraph of the complaint should have been sustained. For this error the judgment of the trial court should be reversed. So far as any objection has been urged to the second paragraph it may be sufficient. It occurs to us, however, that, under the most favorable construction, in view of the averment that appellee was placed in possession of all the property, the failure to convey or devise it to him would only entitle him to recover nominal damages. If it is true that he has the property he is certainly not entitled to recover its value.

It is not necessary, however, to consider this question. Neither are we required to determine whether the motion for a new trial should have been sustained.

The judgment is reversed, with instructions to sustain the demurrer to the first paragraph of the complaint, with leave to amend each paragraph if desired.

Filed June 14, 1895.

### DISSENTING OPINION.

LOTZ, J.—I am unable to agree with my associates in the conclusion reached, that the first paragraph of the complaint is insufficient, and in the reversal of the cause. After a most careful consideration of all the questions involved in this appeal, I am of the firm conviction that the judgment should be affirmed.

The holding of the majority that the first paragraph is bad on demurrer and that it was reversible error to overrule the demurrer to it, I regard as a radical departure from the established practice, as well as in con-

travention of the letter and the spirit of the statute regulating the settlement of the estates of deceased persons, and, if adhered to, will, I believe, hinder and delay the settlement of such estates and impose costs and expenses upon claimants as well as on the estates, and be a prolific source of litigation ; a thing which courts ought to discourage rather than foster.   These results which I believe will flow from the majority opinion are my apology for the long opinion following :

This action was instituted in the Monroe Circuit Court by the appellee as guardian of Samuel Briscoe, a minor, and against the appellant, as administrator of the estate of William Stone, deceased.   The cause was tried by a jury which returned a general verdict for the appellee in the sum of $8,000.00, on which judgment was rendered.

Three errors are assigned in this court, (1) the overruling of the demurrer to the amended first paragraph of the complaint; (2) the overruling of the demurrer to the second paragraph of the complaint, and (3) the overruling of the motion for a new trial.   The demurrers were for want of facts.

The first paragraph is informal and somewhat indefinite in its allegations, but it shows that the estate of the deceased became indebted to the appellee on account of services "rendered under contract with the decedent in performing manual labor ; in attending to his physical wants ; to making rails, cutting wood, looking after his farm and personal property, by which the said decedent agreed to will to the said ward the whole of his estate valued at $13,500."

This paragraph or claim was duly verified by the appellee and in the oath it is stated that said amount "is now justly due and owing to him."   In filing claims against the estates of deceased persons, the statute does

not contemplate that formal pleadings shall be adopted. No action by complaint and summons can be instituted. The claimant is only required to file "a succinct and definite statement thereof in the office of the clerk where the estate is pending." Section 2465, R. S. 1894. Much the same rules of pleading govern in filing claims against the estates of deceased persons as prevail in actions before justices of the peace, and in presenting claims for allowance before boards of county commissioners. In none of these instances are formal pleadings required. *Ginn, Exr.*, v. *Collins*, 43 Ind. 271; *Board, etc.*, v. *Ritter*, 90 Ind. 362. The purpose of our statutes is to facilitate the settlement of decedents' estates with as little expense as possible to the claimants, as well as to the estate. It is not expected that the claimant shall employ counsel and cause his complaint to be prepared with professional skill and accuracy. The statement is sufficient when it apprises the defendant of the nature of the claim, the amount demanded and state such facts as are necessary to show *prima facie*, that the estate is lawfully indebted to the claimant, and contains enough to bar another action for the same demand. *Culver, Admx.*, v. *Yundt*, 112 Ind. 401; *Davis, Admr.*, v. *Huston, Admr.*, 84 Ind. 272; *Taggart, Admr.*, v. *Tevanny*, 1 Ind. App. 339. The pleader, however, is not confined to this informal statement. He may, if he choose, file formal pleadings upon such claim and form issues of law upon the facts contained in such pleading. When he elects to pursue this course the sufficiency of the pleadings may be determined and ruled upon as in ordinary civil actions. *Stout* v. *Board, etc.*, 107 Ind. 343. The paragraph under consideration does not purport to be drawn with professional skill or accuracy. It is just such a statement of claim, as the ordinary non-professional claimant would prepare upon the facts indicated. It apprises the administrator of the nature

of the claim ; that it is upon a contract and that the estate is indebted to the claimant on account of the services rendered in pursuance thereof. It is, in my judgment, sufficient to bar another action for the same cause. It is insisted, however, that the theory of the paragraph is to recover upon a special contract, that the contract not being in writing is within the statute of frauds and is not enforcible. The rule that a pleading must proceed upon a single definite theory has but little or no application to claims against estates when the statements are informally prepared and filed by the claimants themselves. A rigid enforcement of the rule that a pleading must proceed upon a single definite theory would often defeat the very purpose of the statute, and lead to hardship and injustice. It would compel the claimant in nearly all cases to incur the expenses of employing skilled and professional counsel. In *Milholland* v. *Pence*, 11 Ind. 203, a complaint before a justice of the peace, which charged that the defendant was indebted to the plaintiff in the sum of thirty dollars "for one gun obtained by fraud" was held to be sufficient. Whether the complaint proceeded upon the theory of contract or on the theory of a tort was immaterial. It stated enough to apprise the defendant of the nature of the action and was sufficient to bar another recovery. If this be true in actions which must be commenced by complaint and summons, there is no occasion to apply a more rigid rule to a statute which only requires "a succinct and definite statement" to be filed. The general rule is that a party cannot declare on a special contract and recover on the proof of an implied one nor *vice versa*. *Forester* v. *Forester*, 10 Ind. App. 680, but this rule applies more particularly to formal pleadings. In any event it is a rule of practice and not of pleadings. The statute of frauds does not prohibit

the making of contracts; it only withholds a remedy for their enforcement. If the parties make a contract and voluntarily carry its terms into effect it is then binding upon them, although it could not have been enforced in the courts. It is only when it is executory that the law withholds the remedy for its enforcement. In *Wallace, Admr.,* v. *Long, Guard.,* 105 Ind. 522, a complaint against the estate of a deceased person which sought to enforce a special contract within the statute of frauds, was held to be bad on demurer, and that no recovery could be had upon it; that the proper remedy in such cases was to declare on an implied contract and recover upon the *quantum meruit.* But in that case the pleader chose to adopt formal pleadings. He was bound by the theory of his complaint. *Stout* v. *Board, etc., supra.* In the paragraph under consideration the pleader has not adopted formal pleadings. He has not promulgated any definite theory as the basis of his recovery. If the proof should be that the contract was taken out of the statute of frauds he would be entitled to recover upon this paragraph. If, on the other hand, it should be shown that the contract was within the statute, he might nevertheless recover for the value of his services. This seems to be the later and better rule adopted by the supreme court and also by this court. It has been expressly held that when a complaint declares on a special contract which contract is absolutely void for want of power on the part of one of the persons to make it, and it be made to appear that work has been done or goods furnished which enured to the benefit of the person sought to be charged, a recovery may be had on the same complaint for the value of the goods furnished or work done. *Bass Foundry, etc., Works* v. *Board, etc.,* 115 Ind. 234; *Schipper* v. *City of Aurora,* 121 Ind. 154; *Smith* v. *Board, etc.,* 6 Ind. App. 153. This being the

practice with reference to contracts which are absolutely void, so much stronger is the reason why the same rule should prevail in cases where the contracts are not void, but the statute only withholds the remedy for their enforcement. It was also the settled practice in this State prior to the adoption of the code that in a bill in equity for the specific performance of a contract, if for any reason specific performance could not be decreed, the same court upon the same complaint might award damages in lieu thereof. *Johnston* v. *Glancy*, 4 Blackf. 94.

Under the reform procedure adopted by our code, both legal and equitable jurisdiction is conferred on the circuit court, and both legal and equitable remedies may be blended in the same paragraph of complaint or cause of action. The complaint should demand the relief to which the plaintiff may suppose himself entitled, and if the recovery of money be demanded the amount thereof should be stated. Sections 341,R. S. 1894; 339,R. S. 1881. But a failure to make a demand or an improper prayer for relief will not render a complaint bad on demurrer if the facts pleaded show the plaintiff entitled to any relief whatever. *Baker* v. *Armstrong,* 57 Ind. 189. In speaking of the union or combination of legal and equitable jurisdiction and remedies in the same court under the reform procedure, Mr. Pomeroy, in his work on Specific Performances of Contracts, section 498, uses this language: "In some of the States the courts have gone a step further and have allowed damages, even though the plaintiff knew, or had reason to know at the time of bringing his suit, that a specific performance was impossible; but only when such relief in the equity action is necessary to prevent a failure of justice. As an illustration, if a suit is brought to specifically enforce a parol contract within the statute of frauds, the relief being sought on the grounds of part performance, and

it turns out on the trial that there has been no sufficient part performance, or for any other defect or failure the specific relief is improper, damages according to certain decisions may be given on the ground that otherwise the plaintiff would be without remedy, since no action could be sustained on the agreement in a court at law."

In *Sternberger* v. *McGovern*, 56 N. Y. 12, it was decided that if a complaint state facts constituting a cause of action for specific performance of a contract, and also for damages for the breach thereof, a failure of the first will not prevent a recovery on the second, whatever may have been the prayer for relief. See also Pomeroy's Rem. and Remed. Rights, sections 76 to 86, inclusive.

It occurs to me that more technical rules of pleading and practice ought not to be applied to claims against estates than are applied to the ordinary civil actions, and that is what the majority opinion does if I correctly understand it.

A large discretion is given to the trial court in the settlement of decedents' estates. It is the ultimate guardian of the interests of the estate, and when it is satisfied that substantial justice has been done, it may disregard technical errors of pleading and practice. If the pleading is sufficient to bar another action for the same subject-matter, and sufficiently apprise the defendant of what he is required to meet, this court ought not disturb the discretion reposed in the trial court upon a barren technicality. I am of the opinion that there was no error in overruling the demurrer to the first paragraph.

In the second paragraph of his complaint, the pleader has adopted formal pleadings and within the rule announced in *Wallace* v. *Long, supra, Hershman Admr.*, v. *Pascal*, 4 Ind. App. 330, he is bound by the theory adopted. It is alleged that the decedent, William

Stone, was at the time of his death, and during all his life, an unmarried man; that on the first day of July, 1888, he had neither father nor mother living; that his only heirs at law were his brothers and sisters living, and the descendants of brothers and sisters, who were dead; that Samuel Briscoe, the appellee's ward, was an illegitimate son of William Stone, the decedent, and was always acknowledged by him as his natural son; that by reason of the relationship existing between them there was a mutual affection shown by each toward the other, which increased as the age of the decendent increased; that the decedent was the owner of an estate consisting of real and personal property of the value of $13,500; that the decedent well knowing that he had no other children and that under the laws of the State of Indiana his son could not inherit his estate, and being advanced in years, to-wit: seventy years old, he desired some one to look after his affairs, and having confidence in his son, and desiring that he should have his estate on his death, he entered into a contract with the said son "by which it was agreed that he (the son) should look after his estate, both real and personal, attend to such business as he desired, conduct himself toward him as a dutiful and faithful son, administer to his wants, and he, the said decedent, in consideration thereof would give him all his property of every description, and previous to his death, in order to more perfectly vest in him the title, would make a will or either make him a deed for all the real estate and vest the title to all personal property in the said son, or he would make him a will devising or bequeathing to him all the said real estate and personal property of which he might be possessed at his death; that in pursuance of said agreement the said decedent put his said son in possession of all of said real estate and of a part of said

personal property; that the said son fully complied with his part of the said agreement; that he conducted himself toward his said father as an obedient and dutiful son during the lifetime of said decedent. But he says that the said decedent wholly failed to make the said deed or to make the said will to his damage in the sum of $14,000, and which he asks may be allowed against his estate.

The first objection urged against this paragraph is, that the contract declared on is within the statute of frauds, and therefore is not enforcible.

In *Wallace* v. *Long, supra,* a contract somewhat similar was held to be within the statute. It was there alleged that the ward faithfully performed the contract on her part, but there was no allegation that possession had been taken under the contract. It was said that "if the statute of frauds presents no obstacle to the enforcement of the contract, then so far as the record discloses, none exists. It cannot, of course, be denied that if the contract had been in writing, or if in pursuance of an oral contract, the plaintiff had been put in complete possession and she had otherwise fully performed on her part, specific performance could have been enforced." This case differs from that in this essential respect: It is here averred "that in pursuance of the said agreement the said decedent put his said son in possession of all said real estate and of a part of said personal property." This averment takes the contract out of the statute. "It is not essential that the contract should expressly stipulate for the delivery of possession; if the possession is taken in pursuance and execution of the agreement, and with the knowledge of the vendor it is a good part performance, although the contract be silent in respect to it." Pomeroy Spec. Perf., section 117; *Drum* v. *Stevens,* 94 Ind. 181 (183).

The case made by this paragraph is very similar to that of *Mauck* v. *Melton*, 64 Ind. 414, except that was an action for specific performance and this is an action to recover damages, the damages to be measured by the value of the property agreed to be conveyed or devised. In that case Mary Gilmore, the owner of the land, entered into a parol contract with Louisa and Daniel Melton, by which it was agreed that if they would board and care for the said Mary during her life and attend to all her proper wants, she in consideration thereof would convey the said lands to Louisa Melton, or devise the same to her by will. It was also averred that said Mary had put them in possession of said land under said contract, and that they had fully complied with the contract on their part. This contract was held not to be within the statute of frauds, but capable of specific enforcement, and was so adjudged. Here the effort is not to enforce the contract specifically, but to recover the damages for its breach and to have the damages measured by the value of the property agreed to be conveyed or devised.

If an action for specific performance will lie upon the facts alleged, surely an action for damages will lie. In such cases the plaintiff may elect to sue in equity for specific performance or at law for damages. *Snodgrass* v. *Snodgrass*, 32 Ind. 406. If he is entitled to specific performance but choose damages in lieu thereof, the market value of the property agreed to be conveyed or devised is the measure of damages. *Puterbaugh, Admx.*, v. *Puterbaugh*, 7 Ind. App. 280 ; *Case* v. *Wolcott*, 33 Ind. 5 ; *Hopkins* v. *Lee*, 6 Wheat. 108.

As the effort is to recover the value of the property, it is contended that it is equivalent to an action for specific performance, and that the same rules of pleading apply as in cases of specific performance ; that it appears from the complaint that the ward at the time he entered

into the contract and performed the services, and at the time of instituting this action, was a minor; and being a minor the contract could not be enforced against him, it therefore could not be enforced by him. In other words, that there is no mutuality of remedy. There are some cases which hold that an infant cannot have specific performance of a contract, owing to a want of mutuality of remedy. *Flight* v. *Bolland*, 4 Russ. 298; *Blanchard* v. *Detroit, etc., R. R. Co.*, 31 Mich. 43; Pomeroy's Spec. Perf., section 164. The more recent and better considered cases declare a contrary doctrine. The case of *Wallace* v. *Long, supra,* was an action by an infant. It was there said that if the statute of frauds present no obstacle to the enforcement of the contract, then none existed.

There may be some reason for the rule contended for when the contract is executory as to both parties, but when the infant has performed his part of the contract he may have specific performance. *Yerkes* v. *Richards*, 153 Pa. St. 646. Waterman's Spec. Perf., sections 265, 197, 196 and 226 and notes.

It is here averred that the infant fully performed the contract on his part. There is nothing in this paragraph to disclose that the infant has ever been dispossessed of the property, but no objection is made to it in this respect. It is in any event good for nominal damages. There was no error, in my judgment, in overruling the demurrer.

The majority opinion concedes the sufficiency of the second paragraph. The first and second paragraphs both declare on the same transaction; the only difference being that the allegations of the second are more specific than those of the first. Conceding that the first paragraph is bad and the second good, as determined by the majority opinion, it is clear that all the evidence that

could have been given under the first paragraph neces-
sary to support a recovery on the special contract, and
take it out of the statute of frauds, could have been
given under the second.    This being true it is apparent
that the ruling on the first paragraph, although errone-
ous, was not a harmful error, or one that should lead to
a reversal.    No effort was made to recover upon an
implied contract on the trial, and not a syllable of
evidence was given upon that theory.    The majority
opinion in holding this ruling to be reversible error in
my judgment flies in the face of the statutes, overturns
the reformed methods of procedure intended to be
adopted by our code, and resorts to a barren technicality
which works great injustice.

The statutes expressly forbid an appellate court to
reverse a case under the circumstances shown by the
record before the court.    The sections of the statute are
as follows :

"But no objection taken by demurrer, and overruled,
shall be sufficient to reverse the judgment, if it appear
from the whole record that the merits of the cause have
been fairly determined."    Section 348, R. S. 1894; sec-
tion 345, R. S. 1881.

"The court must, in every stage of the action, disre-
gard any error or defect in the *pleadings* or proceedings
which does not affect the substantial rights of the ad-
verse party ; and no judgment can be reversed or affected
by reason of such error or defect."    Section 401, R. S.
1894; section 398, R. S. 1881.

"No judgment shall be stayed or reversed, in whole
or in part, by the supreme court, for any defect in form,
variance, or imperfections contained in the record,
*pleadings*, process, entries, returns, or other proceedings
therein, *which by law might be amended by the court
below, but such defects shall be deemed to be amended*

*in the supreme court;* nor shall any judgment be stayed or reversed in whole, or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below." Section 670, R. S. 1894; section 398, R. S. 1881.

There may be some occasion for holding it to be reversible error to overrule a demurrer to a bad paragraph of complaint when there are two paragraphs of complaint founded upon separate transactions, or where the proof under one cannot be made under the other; but where the same proof can be made under a good paragraph, it is inconceivable how a defendent can be harmed.

Courts should exist for the purpose of determining controversies and administering justice, not for the sake of disciplining the parties and prolonging litigation by a resort to barren technicalities, and especially should this be true in the settlement of decedents' estates.

The first cause for a new trial is that the court erred in submitting the cause to the jury for trial. The contention is that the action is one for specific performance, an equity case, and triable by the court without the intervention of a jury. The action is not a suit in equity, but is an action at law for damages, and was properly triable by a jury.

The second cause for a new trial is that the verdict is not sustained by sufficient evidence and is contrary to the law. It is insisted with much force and a large array of authorities that the evidence fails to establish such a contract as the courts will specifically enforce or give damages measured by the value of the thing agreed to be conveyed or willed. There was some evidence, although meager and unsatisfactory, as it appears to us, that tended to prove the contract and of possession taken under it. It is well settled that specific performance

will not be decreed unless the contract, and the fact that it is not within the statute of frauds, are established by competent, clear and satisfactory evidence, free from doubt and suspicion. This is not an action for specific performance, but assuming, without deciding, that the same rules apply to it as apply to actions for specific performance, the argument of counsel is one more properly applicable in the trial court or in a court having full equity powers than in this court. The rule in this court is that if there be any evidence tending to support the verdict or finding, or if the evidence is conflicting on any material question, this court will not weigh it or disturb a verdict founded upon it. This court, in an action to remove a trustee, a proceeding peculiarly within the jurisdiction of a court of equity, by Gavin, J., said: "The rule is thoroughly established that this court cannot on appeal weigh the conflicting evidence to ascertain the real facts, but that it must take that view of the evidence most favorable to the appellee, and if there be any evidence which fairly supports the verdict or finding, then the action of the trial court must be sustained." Upon the further contention of counsel that there was a total want of evidence, the court in that case said: "With this view, however, we are unable to agree. No good purpose would be subserved by going into the details of the evidence in this case. It is an unfortunate one in many of its aspects, but, keeping in mind the narrow limits allowed to us as an appellate tribunal for the review of the facts, we are constrained to hold that there is some evidence to sustain the action of the trial court, and its determination of the questions involved must be considered final." So in this case, as there was some evidence tending to support the verdict, the determination of the jury and of the trial court should be considered final.

It is next insisted that the amount of the recovery is too large. No point is made that the complaint does not show that the ward was not dispossessed of the property and that it is good only for nominal damages. It is insisted that only the value of the services can be recovered. If the complaint is sufficient to withstand a demurrer, and the evidence should show that the plaintiff's ward was deprived of the possession, the complaint will in this court be deemed amended so as to recover for the value of the property. Section 670, R. S. 1894. A temporary suspension or surrender of the possession taken under the contract will not defeat a specific performance. *Drum* v. *Stevens, supra.* Nor would a forcible dispossession. And it must be borne in mind that the ward was an infant, and that a surrender of the possession would be an act not necessarily binding on him.

Exceptions were taken to certain instructions given to the jury by the court on its own motion.

Appellee's counsel insist that the instructions are not properly in the record. The record shows that the instructions were duly filed "and are as follows, to-wit." Following this statement are copied into the record a series of instructions, numbered from one to ten, consecutively, which instructions are signed by the presiding judge. This, we think, brings them properly into the record, and the presumption is that they were all the instructions given by the court. *Lower* v. *Franks,* 115 Ind. 334.

Objection is taken to that portion of instruction numbered three, which is in these words:

"As I said, before you can find for the plaintiff, you must find that he has proven the material averments of his complaint, by a preponderance of the evidence. You must find that Stone and Briscoe entered into a contract

as set out in the complaint. It is not, however, incumbent on the plaintiff to prove a contract in direct terms, but he must prove such a state of facts and circumstances from which a contract can be inferred." We discover no valid objection to this instruction. It is equivalent to saying that a contract may be established by indirect or circumstantial evidence. In judicial investigations facts are often as well established by inferences from circumstances as from direct evidence. *Barr* v. *Chicago, etc., R. R. Co.*, 10 Ind. App. 433.

Objection is also made to instruction numbered six. It in effect told the jury that if it found that the contract was entered into between the deceased and the ward and possession of the property taken under the contract, the measure of the damages would be the value of the estate, both real and personal, which was agreed to be conveyed or willed.

It is insisted that the instruction is bad because the measure of the damages is not limited to the property of which possession was actually taken under the contract. The law is that when the contract is not within the statute of frauds the value of the property agreed to be conveyed is the measure of damages. If the contract were in writing the plaintiff would be entitled to recover the value of the property, although no part of it was ever taken into possession. It is not necessary to take a parol contract out of the statute that all the property should be taken into the possession of the plaintiff. Even if it be conceded that this instruction is bad it was corrected by a subsequent instruction in which the court limited the recovery to the fair cash value of all the real and personal property the possession of which had been turned over to the ward under the contract.

Instruction number five is as follows: "The law will not compel· the enforcement of a parol or verbal contract disposing of his lands unless possession is taken under the contract and the purchase-price paid, or a complete performance of the terms of the contract on the part of the vendee."

In two elaborate printed briefs, filed by counsel for appellant, no objection is made to this instruction. It was only incidentally alluded to by them in the oral argument and no authority was cited to show that it is incorrect. Under such circumstances if any objections exist they should be deemed waived. But this aside. We find no infirmity in the first part of the instruction. If it is incorrect in any respect it must be in the last part or clause. It is not true that a parol contract will be enforced when the vendee has made full performance on his part. The contract must be taken out of the statute of frauds by possession taken under it.

It is possible to so construe the instruction that the last clause was intended as explanatory of the first, and that by complete performance on the part of the vendee is meant the payment of the purchase-price and taking possession under the contract. Assuming without deciding that the instruction is incorrect it does not follow that it harmed the appellant. It must be considered in connection with all the other instructions given. In a subsequent instruction the court said to the jury that the measure of the damages under the contract would be the value of the property, the possession of which was turned over to the appellee's ward. To say that a parol contract for the sale of lands may be enforced upon complete performance on the part of the vendee may be incorrect as an abstract proposition, but when the measure of damages is limited to the value of property of which possession was taken it conclusively appears that the

jury was given to understand that there could be no recovery unless possession was taken under the contract. This instruction when considered in connection with all the instructions was not harmful to the appellant.

There are other causes for a new trial discussed by counsel, but a careful examination of them convinces me that they are not well founded. I am of the opinion that the judgment should be affirmed.

