BAXTER *v*. KITCH, Administrator.

STATUTE OF FRAUDS.—*Agreement to Convey Land.*—A suit cannot be maintained by a husband on a verbal contract, by which land was to be conveyed as compensation for services rendered by his wife, for the value of the land, on failure to convey.

APPEAL from the Grant Common Pleas.

DOWNEY, J.—This was a claim filed by the appellant against the appellee, as administrator *de bonis non* of the estate of William Prickett, deceased, alleging that the deceased and Mary Prickett, his wife, made and entered into an agreement with said Thomas Baxter and Elizabeth Baxter, his wife, a copy of which is filed with the complaint, by which said Elizabeth Baxter, in consideration that said William Prickett and Mary Prickett would convey to said Elizabeth Baxter, by good and valid title, the following tract of land, then owned by said Mary, to wit, fifty acres, etc., agreed that the said Elizabeth would keep the said Mary Prickett during her lifetime, and board said Mary and make and mend her clothing, said Mary furnishing the goods

and materials, and nurse and take good care of her during her lifetime.

It is further stated that in pursuance of the agreement, the said Elizabeth Baxter and Thomas Baxter, her husband, did take care of, nurse, maintain, and provide for said Mary Prickett, who was old, sick, and unable to take care of herself, according to the terms and conditions of said agreement, until two months before her death, in February, 1864, at which time said Mary left the plaintiff and his wife, and refused to allow them to comply with the terms and condition of said agreement; that they were ready to fulfil their contract by keeping her until her death. It is averred that the land at the time the contract was made was of the value of two thousand dollars; that instead of said William and Mary Prickett making to said Elizabeth Baxter a good and valid deed for said land, they wholly failed and refused, and each made a pretended deed, which was held by the judgment of the Grant Circuit Court to be invalid, and to convey no estate whatever. It is then charged that said William Prickett received means, property, notes, and money that belonged to his said wife, one hundred dollars, which he never paid over or accounted for. Judgment is demanded for the price of the said land so to have been conveyed, two thousand dollars. The written contract or agreement which is referred to in the complaint is as follows:

"Know all men by these presents that we, Elizabeth Baxter and Thomas Baxter, her husband, of Grant county, in the State of Indiana, convey and warrant to Mary Prickett, her heirs and assigns of Grant county, in the State of Indiana, for the sum of two thousand dollars, the following real estate in Grant county," etc., describing the land; "Provided, always, and these presents are upon this express condition: Whereas said Elizabeth Baxter has undertaken and agreed to keep the said Mary Prickett during her lifetime, and Elizabeth Baxter is to board said Mary Prickett, and is to wash, make, and mend the said Mary Prickett's clothing during the said Mary Prickett's natural lifetime, the said

Mary Prickett is to furnish the materials and goods for her own clothing, said Elizabeth Baxter is to nurse and take good care of the said Mary Prickett during her natural lifetime.    Now, if the said Elizabeth Baxter shall faithfully perform all the duties required of her as set forth in this agreement, or cause the same to be done, then this obligation is to be void and of no effect; otherwise, upon the failure of said Elizabeth Baxter to fully comply with this, her obligation, then this agreement to be in full force and virtue in law. In witness whereof," etc., "this 4th day of November, 1862.

her
"ELIZABETH + BAXTER,
mark.
"THOMAS BAXTER."

Copies of the inoperative separate deeds of Mary Prickett and William Prickett, mentioned in the complaint, are filed with the complaint.    They each describe the same lands mentioned in the instrument filed with the complaint.    That of Mary Prickett is dated November 4th, 1862, and that of William Prickett is dated the 27th day of October, 1862, and they are each executed to Elizabeth Baxter alone.

The defendant demurred to the complaint, because, first, it did not state facts sufficient to constitute a cause of action; and, second, there was a defect of parties plaintiffs.    This demurrer was sustained by the court; the plaintiff excepted; and, refusing to amend, judgment was rendered for the defendant.

The plaintiff appealed, and has assigned errors in this court as follows: 'First, in sustaining the demurrer to the complaint; and, second, in rendering judgment for the defendant, instead of for the plaintiff.

This is the third time that this case, or cases relating to the same transactions, have been in this court.    In *Baxter* v. *Bodkin*, 25 Ind. 172, the separate deeds of Prickett and his wife to Elizabeth Baxter were held invalid, on the ground that such separate deeds could convey no interest in the lands of the wife.    Then in *Baxter* v. *Prickett's Administrator*, 27 Ind. 490, it was held that Mrs. Baxter could maintain

no action for the services rendered by her in taking care of Mrs. Prickett; that the right of action, if any, was in the husband, and not in the wife; that the earnings of the latter belonged to the former, as at common law—our statute having made no change in this respect.

The question now presented is, whether the husband, Thomas Baxter, can maintain this action on the special contract set up in the complaint, and recover upon it as a valid and binding contract. It will be seen that the action is not brought to recover the value of the services rendered by the wife of the plaintiff in taking care of the wife of the decedent, William Prickett; but it is based on the special contract, and for the recovery of two thousand dollars, the value of the land, which it is alleged the deceased and his wife agreed to convey, but which they failed to convey on account of the invalidity of the separate deeds which they executed. The value of the services rendered by the wife of the plaintiff, to and for the wife of the deceased, is not alleged. The complaint cannot be construed into a claim for the value of such services. It is based on the special contract, and nothing else. If it cannot be sustained in that character, it cannot be sustained at all.

We are of the opinion that the special contract is within the statute of frauds, and therefore invalid, because it is not in writing. It is a contract for the sale of real estate; and, to be made a sufficient foundation of the action, must have been in writing and signed by William Prickett, the deceased. The written contract, a copy of which is filed with the complaint, is nothing more than a mortgage, and it is not signed by the deceased, nor was he in any way a party to it. It was executed by Baxter and wife to Mary Prickett. 1 G. & H. 348, section 1, clause fourth; *Hadden* v. *Johnson*, 7 Ind. 394; *M'Clure* v. *M'Cormick*, 5 Blackf. 129; *Thompson* v. *Elliott*, 28 Ind. 55.

The judgment is affirmed, with costs.

*J. Brownlee* and *H. Brownlee*, for appellant.

*I. Van Devanter*, for appellee.