Schoonover, Executor, *v.* Vachon *et al.*

No. 14,706.

## SCHOONOVER, EXECUTOR, *v.* VACHON ET AL.

CONTRACT.—*Parol Agreement to Execute a Will.—Statute of Frauds.*—A parol agreement by one to devise a farm in consideration of being supported for life, and other services, is within the statute of frauds, and is incapable of being specifically enforced or of supporting an action for damages for its non-fulfilment.

SAME.—*Presumption of Gratuitous Service.—Overthrowal of.—Action on Quantum Meruit.*—Such a contract, however, overthrows the presumption of gratuitous service, and will support an action upon a *quantum meruit* for the value of the services rendered.

SAME.—*When Claim Becomes Due.—Statute of Limitations.*—In such a case the theory being that compensation is to be made to the plaintiffs for their services at the death of the decedent and his wife, the claim does not become due till that event; and the statute of limitations not beginning to run where a contract requires a continuing service until the engagement has been completed, the claim is not barred, suit having been brought within six years from the death of the survivor.

From the Allen Circuit Court.

*W. P. Breen,* for appellant.

*J. B. Harper* and *B. F. Harper,* for appellees.

MITCHELL, J.—Vachon and wife filed a claim against the estate of Freeman King, deceased, upon which, after hearing the evidence, the court gave judgment in favor of the plaintiff for $350.

The plaintiffs alleged that many years prior to his death, King, who had no children, and whose wife was the mother of the plaintiff, Mrs. Vachon, agreed with them that if they would live with him and his wife, and help them work on the farm, which King owned, and take care of him and his wife when they needed care, during their natural lives respectively, he would devise to them his farm, to be theirs after the death of himself and wife. It is averred that in pursuance of this agreement the plaintiffs went to live with the decedent

and his wife, and that they performed their part of the agreement, except so far as they were prevented by the conduct of the decedent. They aver that they cleared up the land, worked upon the farm, and attended to the duties of the household, year after year for twenty years and more, until the year 1871, when the decedent gave the use of his farm to one of the plaintiffs' sons; that since that time they have always been ready and willing to perform their part of the contract, and that Mrs. Vachon did continue to work and care for the decedent and his wife until they died, the death of the latter having occurred in 1880, and of the former in 1888. It is averred that the plaintiffs rendered the services without any compensation, or hope or promise of reward other than the agreement above mentioned; that their services were reasonably worth a specified sum per annum, and that the decedent by his last will and testament, in violation of his agreement, devised his farm to the son of the plaintiffs, leaving them a small amount of property, not to exceed the sum of $200 in value.

It is objected that the complaint does not state facts sufficient to constitute a cause of action.

The agreement was in parol. It related to the disposition of real estate of which the plaintiffs were never put in possession. The contract was, therefore, within the inhibition of the statute of frauds, and was incapable of being specifically enforced or of supporting an action for damages for its non-fulfilment. *Wallace* v. *Long*, 105 Ind. 522 (55 Am. Rep. 222); *Roehl* v. *Haumesser*, 114 Ind. 311; *Burns* v. *Fox*, 113 Ind. 205. If the present action had been to enforce specific performance of the contract, or to recover damages for its non-performance, the objections to the complaint would be insurmountable, but the action is on a *quantum meruit*, to recover the value of the services rendered. While an agreement like the one involved in the present case will neither be specifically enforced nor allowed, unless under special circumstances of fraud or bad faith, to serve

as the foundation of an action for damages, it is well settled that such a contract overthrows the presumption that services rendered under it were performed gratuitously or under a mere expectation that the testator would voluntarily bestow a legacy upon the person performing them. *Wallace* v. *Long, supra.*

The complaint, judged by its general scope and tenor, seeks to recover the value of the services rendered, and as a complaint for that purpose it is not subject to the objections urged against it.

Although the evidence in support of the alleged agreement to devise the farm is not strong, or of the most satisfactory character, still it can not be said that there is no evidence of such an agreement, or that the finding of the court on any material point is wholly without support. There was evidence tending to show that the plaintiff Zachariah Vachon, on one occasion, proposed purchasing forty acres of land for himself, and that the decedent dissuaded him from it, saying, " I intend this farm to be for you and Esther. You have worked hard enough on this by the time it is all cleared up. It will be all you need."

To this the plaintiff replied, in substance, that he was getting old, and did not want to be deceived ; that he did not want to clear up the testator's farm and then be left without anything when he was old. From this the court drew the inference that there had been an agreement to compensate plaintiffs for their work, and we can not say, in the light of all the evidence, that the inference was not justified.

The case proceeded upon the theory that compensation was to be made to the plaintiffs for their services at the death of King and his wife. Assuming that the evidence supports that theory, then the claim did not become due until the event occurred which entitled the plaintiffs to receive pay. The statute of limitations did not, therefore, bar the claim, suit having been brought within six years from the date of the death of the survivor.

The statute of limitations does not begin to run, where a contract requires a continuing service by one party, until the engagement has been completed. *McKinney* v. *Springer*, 8 Blackf. 506; *McKinney* v. *Springer*, 3 Ind. 59; Buswell Limitations, section 178. There was no error.

The judgment is affirmed, with costs.

Filed Nov. 6, 1889.