No. 540.

## HERSHMAN, ADMINISTRATOR, *v.* PASCAL.

DECEDENTS' ESTATES.—*Claim in Several Paragraphs.—Insufficient Paragraph.— General Verdict for Plaintiff.* —Where a claim was filed against an estate, the statement of the claim being in four counts, and a demurrer to the first was overruled and a general verdict was returned for the plaintiff, and it did not appear that the verdict was based upon the first count, which was insufficient; the judgment must be reversed.

SAME.—*Claim Against—.Parol Contract for Conveyance of Land.—Statute of Frauds.*—In an action against a decedent's estate a complaint is bad which seeks to recover judgment against the estate for the value of a piece of land, basing the right of recovery upon a parol contract, which, it was alleged, was entered into between the plaintiff and the decedent, by which the latter agreed to give the plaintiff forty acres of land of a specified value if the plaintiff would return to the home of the decedent, and live with, take care of and wait on the decedent dur-

ing her lifetime, said contract being within the provision of the statute of frauds which requires all contracts for the sale of land to be in writing.

From the Hamilton Circuit Court.

*L. O. Clifford, W. R. Fertig* and —— *Alexander*, for appellant.

*T. J. Kane* and *T. P. Davis*, for appellee.

BLACK, J.—This was a claim against a decedent's estate.

The statement of the claim contained four paragraphs. A demurrer addressed to these paragraphs, separately, was overruled.

The appellant insists that the first paragraph was insufficient. The cause was tried by jury, and a general verdict for the appellee was returned. It does not appear that the verdict was not based upon the first paragraph of the complaint. Therefore, if that paragraph was insufficient we must reverse the judgment. *Ryan* v. *Hurley*, 119 Ind. 115.

The first paragraph of the complaint, or statement of claim, alleged, in substance, that the appellant "is indebted to the complainant for services rendered under agreement, in this: In the spring of 1884 said decedent, then in full life, agreed with complainant that if the complainant would return to the home of the decedent and live with, take care of and wait on the decedent during her lifetime, said decedent would give complainant forty acres of land, of the value of fifteen hundred dolars;" that the claimant did return to the home of the intestate, live with, take care of and wait upon her, "in pursuance of the terms of said agreement," till March, 1890, when, without fault on the part of the claimant, said intestate compelled the claimant to leave said home; that, pursuant to said agreement, the intestate "made a will, giving said property to complainant," that afterward, and with-

out any reason for so doing, the intestate, " as complain-
ant is informed," destroyed said will, and in or about
July, 1890, she died; that the claimant not only lived
with, cared for and waited upon the intestate for the six
years prior to March, 1890, under and pursuant to the
terms of said agreement; but also at all times was ready
and willing to live with, care for and wait upon the in-
testate until her death, and was prevented from so doing
after March, 1890, by the acts and conduct of the intes-
tate, " and for and on account of facts aforesaid the
claimant asks that she be allowed the value of said real
estate, in the sum of fifteen hundred dollars."

This complaint does not describe any real estate and
does not directly allege that the intestate owned any real
estate. It is alleged that she agreed to give the claimant
"forty acres of land" of a specified value, and that the
intestate made a will, afterward destroyed by her, giving
" said property " to the claimant, and the prayer of the
claimant is that she be allowed the value of " said real es-
tate."

The contract stated was not an agreement that the
services mentioned should be paid for in a certain sum of
money, or in an amount equal to the value of the services,
but was an agreement that the claimant, if she should
render the services, should receive from the intestate a
certain number of acres of land of a certain value, which
land was given to the claimant by the terms of the de-
cedent's will, which she destroyed.

The value of the claimant's services is not stated, and
it was not sought to recover their value. The rendering
of the services was alleged as a performance of the con-
tract on the part of the claimant. It was a suit upon the
special contract to recover the value of the land which
the intestate agreed to give the claimant for her services.

The agreement was within the statute of frauds, as a
" contract for the sale of lands." Section 4904, R. S. 1881.

A contract not in writing for the conveyance of land in consideration of services to be performed may serve to rebut the presumption that the services were rendered gratuitously or under a mere hope or expectation that the person for whom they were rendered would make a provision by will for the person rendering them; and, therefore, a recovery may be had for the performance of such services in a proper action, as upon a *quantum meruit.*

The only relief that could be obtained by this claimant would be the value of her services, and she can not have such relief in an action on the contract.

This subject is well and fully discussed in *Wallace* v. *Long,* 105 Ind. 522. See, also, *Bell* v. *Hewitt,* 24 Ind. 280; *Baxter* v. *Kitch,* 37 Ind. 554; *Roehl* v. *Haumesser,* 114 Ind. 311; *Schoonover* v. *Vachon,* 121 Ind. 3; *Austin* v. *Davis,* 128 Ind. 472.

The judgment is reversed, and the cause is remanded, with instruction to sustain the demurrer to the first paragraph of the appellee's statement of her claim.

Filed March 31, 1892.