Filed Sept. 27, 1892.

---

### No. 563.

### SMITH, ADMINISTRATOR, *v.* LOTTON.

BILL OF EXCEPTIONS.—*Filing of After Term.*—*Motion to Strike Out.*—*When Not Properly in Record.*—The defendant filed a motion to strike out the plaintiff's claim, which motion was overruled. An entry was made in the record, as follows: "To which ruling of the court defendant excepts, and time is given to prepare and file his bill of exceptions." At a subsequent term of court the cause was tried and the defendant's mo-

Smith, Administrator, *v.* Lotton.

tion for a new trial overruled, and time given to file a bill of exceptions. A bill of exceptions was filed thereafter, containing, among other things the defendant's motion to strike out the claim and the proceedings relating thereto.

*Held,* that, as the record entry concerning the motion to strike out showed that when the ruling was made thereon time was given to prepare and file a bill of exceptions, but failed to show what time was given or that any definite period extending beyond the term was given, a bill presented after the term could not save the exception. See section 629, R. S 1881.

*Held,* also, that a bill of exceptions filed after the term at which the trial was had and at which the motion for a new trial was overruled, under the leave given when a new trial was refused, could not properly embrace a ruling made at a previous term on a motion to strike out the plaintiff's claim.

STATUTE OF FRAUDS.—*Parol Agreement to Convey Real Estate.—Services Rendered Thereunder.—Recovery on Quantum Meruit.*—While a parol agreement by S. to convey a piece of real estate to L. at the end of one year if she would come to his house and take charge of his property and look after it and care for him while sick, etc., is within the statute of frauds and non-enforceable, nevertheless when valuable services are rendered pursuant to such a contract, the party rendering them is entitled to recover on the *quantum meruit.*

From the Ohio Circuit Court.

*J. B. Coles* and *G. B. Hall,* for appellant.

*F. M. Griffith,* for appellee.

BLACK, J.—This was a proceeding upon a claim against the estate of John Smith, deceased. The statement of the claim contained two paragraphs.

The appellant has assigned as errors the overruling of his motion to strike out the first and second paragraphs of the statement, or complaint, and each of them, and the overruling of his motion for a new trial.

It appears in the record that on the third day of its April term, 1891, the court overruled the motion to strike out the appellee's claim, and the entry proceeds thus: "To which ruling of the court defendant excepts, and time is given to prepare and file his bill of exceptions." At the November term, 1891, the cause was tried, and the ap-

Smith, Administrator, *v.* Lotton.

pellant's motion for a new trial was overruled, and thereupon, on the 25th of November, 1891, the court gave the appellant thirty days' time to prepare and file his bill of exceptions. On the 7th of December, 1891, in vacation, the appellant filed his bill, appearing therein to have been presented to the judge on the 5th of December, 1891, and containing, among other things, the appellant's motion to strike out and the proceedings relating thereto. This is the only bill in the record.

Where a decision to which exception is taken is not assignable as a reason for a new trial, a bill of exceptions filed after the term at which the decision was made can not preserve such exception if it do not appear in the record outside of the bill that leave was granted at that term to present the bill after its close. Sections 626, 629, R. S. 1881. The statute provides that "the entry shall show the time granted, if beyond the term, for presenting the" bill.

The exception to the ruling upon the motion to strike out the complaint was not an exception taken upon the trial. The ruling related to the making of the issues, and not to the trial thereof. The record entry shows that when the ruling was made time was given to prepare and file a bill of exceptions, but it does not show what time was given, or that any definite period extending beyond the term was given, and without a showing of the time granted a bill presented after the term could not save the exception.

The bill filed after the term at which the trial was had, and at which the motion for a new trial was overruled, under the leave given when a new trial was refused, could not properly embrace such a matter occurring before the trial and at a previous term. *Smith* v. *Flack*, 95 Ind. 116; *Thomas* v. *Griffin*, 1 Ind. App. 457; *Boyce* v. *Graham*, 91 Ind. 420.

If an exception to this action of the court were saved

in the record,we could not consider it, for the reason, if no other, that counsel for the appellant in argument here ignore the reason assigned in the motion, and urge entirely different objections to the ruling.

It has been held that the refusal to strike out a pleading, as a rule, can not constitute an error for which the judgment will be reversed. *City of Crawfordsville* v. *Boots*, 76 Ind. 32; *Smith* v. *Martin*, 80 Ind. 260; *Chaplin* v. *Sullivan*, 128 Ind 50.

In the first paragraph of the statement of appellee's claim it was alleged, that on the 1st of April, 1889, the intestate was about seventy-six years of age; that he had no wife or children, and for —— years had been living and keeping house alone; that for some time he had been in feeble health and required the assistance of some one properly to look after his wants and attend to his household affairs and to look after his personal property; that he proposed to the appellee and to her parents that if she would come to his house and take charge of his property and look after it and care for him while sick, and perform the necessary service about his house and take a general supervision of his affairs, he, at the end of one year, would convey to her his farm, consisting of eighty acres, described, which was of the value of $2,000; that the appellee accepted this proposition, and, on the 8th of April, 1889, she went to his house to perform her part of the contract; that she took charge of his house and property and looked after and cared for the intestate; that she found the house, furniture, beds, bedding and clothing of the intestate in a dirty and bad condition; that she scrubbed, washed, mended and straightened up matters generally, looked after his chickens, cows and other property, prepared food for him, gave him medicine, and in all respects fully performed all things to be done by her to his entire satisfaction; that he gradually grew worse until the 15th of May, 1889, when he died; that she was

able and willing to carry out said contract fully on her part, and would have done so but for his death; that his relatives took charge of his property to her exclusion. Prayer that she be allowed on said contract $2,000 and for all proper relief.

The second paragraph was in the form of a common count for work and labor and personal service done and performed by the claimant for the intestate, at his special instance and request, in taking care of him and waiting upon him during his last illness.

The jury returned a verdict for the appellee for five hundred dollars. The appellant's motion for a new trial having been submitted, the court informed counsel for the appellee that if a remittitur for two hundred and fifty dollars were entered, the motion for a new trial would be overruled. Thereupon the appellee remitted that amount, and the court overruled the motion for a new trial.

The contract set forth in the first paragraph of the statement of claim was within the statute of frauds, and, as the court below instructed the jury, there could not be any recovery upon that contract.

Valuable services rendered pursuant to such a contract can not be regarded as voluntary services, and the party rendering them is entitled to recover the value thereof upon a *quantum meruit*. *Wallace* v. *Long*, 105 Ind. 522; *Taggart* v. *Tevanny*, 1 Ind. App. 339; *Nelson* v. *Masterton*, 2 Ind. App. 524.

There was evidence tending to prove the performance of services substantially as stated in the first paragraph of the statement of claim. The evidence showed that it was agreed that the appellee should serve the intestate for a year. There was a conflict in the testimony as to the consideration for her services. The testimony of a number of witnesses tended to prove that the consideration for the first year was to consist of the amounts to be derived from the marketing sold from the farm, and that

at the end of the year the parties, if satisfied with each other, were to enter into some contract in writing for further service.

We are unable to determine from the record what conclusion the jury reached as to the character of the consideration, and we can not clearly ascertain upon what theory they measured the amount awarded.

Witnesses for each party gave opinions as to the rate of value of the services, varying from $1.50 per week to $6 per day. The amount of the verdict after one-half the sum awarded had been remitted was considerably larger than an amount calculated at the highest rate so given. There was no evidence as to the value of any marketing sold or produced or as to what marketing was sold or produced.

If the contract was to serve the intestate, as indicated in the complaint, for one year, in consideration of the amounts to be derived from the marketing sold from the farm, it was ended by his death, and the appellee could not recover upon it the profits she could have made if he had lived and the contract had been fully performed ; but for her services rendered she would be entitled to recover upon a *quantum meruit.* Her recovery could not exceed the amount of compensation agreed upon in the contract, but would be measured by it.

The evidence furnished no data upon which the jury could calculate the amount of recovery except such as would enable them to determine the absolute value of the services.

If the question before us were simply as to whether the verdict is sustained by sufficient evidence, we could not disturb the result reached in the court below.

But the question is presented, upon the refusal of the court to give an instruction asked by the appellant, as to whether, if the jury found from the evidence, as they could have done, that the contract was for service for one

year for the amounts to be derived from sales of marketing from the farm, the appellee could recover. There being no evidence upon which·to estimate the amount of the recovery in such case, we have concluded that the case was not satisfactorily presented to the jury.

The judgment is reversed, and the cause is remanded for a new trial.

Filed Sept. 14, 1892.