## Baltimore and Ohio Railroad Company *v.* Peck.

[No. 9,135. Filed December 22, 1916. Rehearing denied December 19, 1917. Transfer denied June 28, 1918.]

1. Railroads.—*Damage to Property.—Fire.—Proof.—Circumstantial Evidence.*—The fact that a fire which burned over plaintiff's land originated on defendant's right· of way need not be established by direct testimony, but may be proved by circumstantial evidence. p. 272.

2. Railroads.—*Damage to Property.—Fire.—Liability.—Anticipating Negligence.*—The owner of land near a railroad has the right to assume that it will perform all legal duties resting upon it, and such owner is not bound to anticipate that the railroad will be derelict in its duty to prevent the spread of a fire originating on its right of way. p. 274.

3. RAILROADS.— *Damage to Property.— Fire.—Liability.— Negligence.*—The owner of land near a railroad right of way assumes the risk of accidental loss by fire not occasioned through the railroad's negligence or wilfulness, but does not assume any risk occasioned by negligence of the railroad.  p. 274.

4. RAILROADS.—*Damage to Property.—Fire.—Liability.—Contributory Negligence.—Knowledge of Danger.*—Where a person knows that his property is in danger of destruction by fire caused by the negligence of another and fails to use every reasonable effort to protect it from impending danger, he is guilty of contributory negligence.  p. 274.

5. RAILROADS.—*Damage to Property.—Fire.—Contributory Negligence.—Knowledge of Danger.*—The fact that the owner of a farm did not live thereon and that it was not occupied by a tenant does not establish that the owner was without knowledge that his property was in danger of being injured by fire, but may be considered by the jury on the issue of contributory negligence.  p. 274.

6. RAILROADS.—*Damage to Property.—Fire.—Liability.—Degree of Care Required.*—In an action against a railroad company for damage to land by fire which escaped from defendant's right of way, defendant was only called upon to prove that it used that degree of care that an ordinarily prudent man would have used under the circumstances.  p. 275.

7. RAILROADS.—*Damage to Property.—Fire.—Question for Jury.—Contributory Negligence.*—In an action against a railroad for damage to land by fire, where it appeared from the evidence that because of the peaty condition of the soil, the drought, and the growth of grass and weeds, which were withered and dry, the owners of lands between the railroad's right of way, where the fire originated, were unable to control the spread of the fire onto and across their lands to plaintiff's farm, the question whether plaintiff could have saved his property by the exercise of ordinary care was for the jury.  p. 275.

8. RAILROADS.—*Damage to Property.—Fire.—Contributory Negligence.*—The owner of property destroyed by fire is not guilty of contributory negligence for failing to make any attempt to save his property, where any effort he could have made would have been ineffectual.  p. 276.

9. RAILROADS.—*Damage to Property.—Fire.—Liability.—Harmless Error.—Instructions.*—In an action against a railroad company for damage by fire originating on its right of way, an instruction that a railroad company may be free from negligence in allowing combustible material to accumulate upon its right of way and permitting it to be burned thereon, and that whether it was negligent in allowing the fire to escape from its right of way, although

subject to the criticism that, when standing alone, the jury might infer that proof establishing the accumulation of combustible material on the right of way, or the burning of it thereon, would make out a cause of action against defendant, the error in giving such instruction was not prejudicial to defendant in view of subsequent instructions that, if the railroad permitted combustible material to accumulate and be burned on the right of way, it would have to use ordinary care to prevent the fire from escaping and injuring other lands; that, if the evidence failed to show that the fire escaped through the negligence of the railroad, it was not liable; that there was no presumption that any of the material allegations of the complaint were true and that there could be no recovery unless the material allegations of the complaint were established by the evidence; that, if plaintiff failed to prove that whatever fire there was on the right of way was negligently permitted to escape, there could be no recovery. p. 276.

From Porter Superior Court; *Harry L. Crumpacker,* Judge.

Action by Egbert A. Peck against the Baltimore and Ohio Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Bomberger, Curtis, Starr & Peters, William H. Dowdell* and *Calhoun, Lyford & Sheean,* for appellant.

*D. E. Kelly, F. B. Parks* and *T. C. Mullen,* for appellee.

Moran, P. J.—Appellee's real estate located in Porter county, Indiana, was injured by fire burning over the same. For such injury he recovered a judgment in damages against appellant in the sum of $1,200. The appeal is from this judgment. This cause has reached this court on appeal for the second time. *Baltimore, etc., R. Co.* v. *Peck* (1913), 53 Ind. App. 281, 100 N. E. 674.

The theory of the complaint is that appellant negligently permitted large quantities of combustible material to be gathered on its right of way and set

fire to the same, and then negligently permitted the fire to escape from its right of way to lands adjoining, and finally through appellant's negligence it reached appellee's land by passing over lands lying between appellee's real estate and the real estate to which the fire first escaped.

A reversal is sought on the action of the trial court in overruling appellant's motion for a new trial. Embraced within this assignment, the sufficiency of the evidence to sustain the verdict of the jury and the correctness of certain instructions are questioned.

The attack on the verdict as to the sufficiency of the evidence to sustain the same can with propriety be subdivided as follows: First, that the evidence fails to establish the fact that the fire started on the right of way or that the injury complained of was caused by the fire alleged in the complaint to have started on the right of way on or about October 1, 1908; second, that the record is silent as to whether appellee took any action to prevent the spread of the fire so as to avoid the injury, and, in the absence of evidence to this effect, there could be no recovery, as the burden was upon appellee to show his freedom from contributory negligence in this respect.

As to the first proposition, and by way of further elucidation, the point is made that there is no evidence directly disclosing that the fire started

1.   on the right of way of the railroad, and hence that there was a failure of proof. In this appellant seems to be mistaken. The record discloses that the witness Timothy Merton testified that he knew that the fire started in a pile of ties located on the right of way. Further, appellee was not bound to prove by direct evidence that the fire started on

the right of way of the railroad company. This fact
was susceptible of being established by circumstan-
tial evidence. There is evidence also to the effect
that the fire on the right of way escaped to adjoining
lands, and, after reaching such adjoining lands, it
was fanned by the winds to the southwest; but, in fol-
lowing the course traveled by the fire over the inter-
vening lands between the land of appellee and the
starting point on the right of way, the fire that
reached appellee's land can be accounted for in this
manner. While, as to the exact time and manner in
which the fire finally reached appellee's land, the evi-
dence is not of a direct and positive character; how-
ever, when the circumstances in evidence and the
surrounding conditions are taken into consideration,
with the facts that stand out undisputed, the jury was
warranted in finding that the fire started on appel-
lant's right of way as alleged and from there spread
to appellee's land (*Pittsburgh, etc., R. Co.* v. *Indiana
Horseshoe Co.* [1899], 154 Ind. 322, 56 N. E. 766),
which the jury must have found, as it was informed
that there could be no recovery without the allega-
tions of the complaint being established by a fair
preponderance of the evidence, and that only in the
event that the injury complained of was caused by
fire starting upon appellant's right of way and reach-
ing appellee's land, in the manner alleged in the com-
plaint, could there be a recovery for appellee. Hav-
ing reached the conclusion that the jury was war-
ranted in finding that the fire alleged to have started
upon the right of way and reached appellee's real
estate by passing over the intervening lands in the
manner alleged, there remains, so far as the evidence

is concerned, the question as to whether appellee established his freedom from contributory negligence.

Appellee had the right to assume that appellant would perform all of the legal duties resting upon it under the law to be performed, and was not bound to anticipate that appellant would be derelict in its duty towards him. Appellee assumed, however, accidental loss by fire not occasioned through negligence or wilfulness on the part of appellant, and appellant had the right, so far as the property of others was concerned, to operate and use the railroad, keeping within the bounds of ordinary care, and in this same connection appellee by the ordinary use of his property did not assume any risks occasioned by the negligence of appellant. *Tien* v. *Louisville, etc., R. Co.* (1896), 15 Ind. App. 304, 44 N. E. 45; *Wabash R. Co.* v. *Miller* (1897), 18 Ind. App. 549, 48 N. E. 663; *Pittsburgh, etc., R. Co.* v. *Indiana Horseshoe Co., supra.*

It seems to be the law that, where a person sees or knows that his property is in danger of destruction by fire caused by the negligence of another, he must use every reasonable effort to protect the same from impending danger, and, if he fails to do so, he will be deemed guilty of contributory negligence. *Lake Erie, etc., R. Co.* v. *Keiser* (1900), 25 Ind. App. 417, 58 N. E. 505. But the case at bar does not strictly fall within this rule as contended for by appellant, as the evidence discloses that appellee did not live on the farm at the time the injury occurred; and the farm was not occupied by a tenant, and there is nothing to show that appellee had notice that his property was endangered by the fire that was raging in the neighbor-

hood. We do not wish, however, to be understood as holding that the fact that appellee was not living upon his farm, and that the same was not occupied by a tenant, establishes the fact that he was without knowledge that his property was in danger of being injured by fire. These facts were proper for the jury to consider as to the question of contributory negligence, as appellant was only called upon to prove that he exercised that degree of care that a prudent man would have exercised under the circumstances, and this the jury was informed he must do in order to entitle him to recover, and which the general verdict found. Within this scope of inquiry must be considered all of the facts and circumstances that have a bearing thereon: That appellee's farm or the part thereof first reached by the fire was a considerable distance from the right of way of appellant's railroad; that the lands of others intervened; that owners of the real estate over which the fire spread before reaching appellee's land made a diligent effort to retard the progress of the fire, but their efforts were unavailing; that real estate over which the fire spread was covered with a vigorous growth of grass and weeds, which was withered and dry and highly inflammable, and the soil in this locality, including appellee's, over which the fire spread was for the most part of vegetable origin, or peaty, which became ignited on account of a drought that existed at the time, which rendered the fire uncontrollable, as the fire burned into the ground at places for a considerable depth. Even should it be conceded that by the exercise of ordinary care appellee could have acquired knowledge that fire was raging in the neighborhood of his land, it appears that any

attempt he could have made would have been futile. The evidence, from the peculiar nature of the conditions and surroundings, seems to establish the fact that there was nothing which appellee could have done and failed to do that was the proximate cause of the injury to his real estate.

8. If there was nothing that appellee could have done to save his property had he made an effort so to do, either in person or through others, as it appears, then his failure to make such an effort does not establish the fact that he was guilty of contributory negligence. While the question is not free from difficulty, it appears that it was within the province of the jury to have found, as they did, that appellee established his freedom from contributory negligence, and that he exercised that degree of care that a prudent man would have exercised under the circumstances. The question was one for the jury, as it resolved itself into the weight of the evidence and not the sufficiency. *United States Cement Co.* v. *Whitted* (1910), 46 Ind. App. 105, 90 N. E. 481.

9. The only instructions given to the jury were on the court's own motion, and after instructing the jury as to what the issues were, and that the burden was on appellee to prove by a fair preponderance of the evidence the material allegations of the complaint, the jury was further informed by instruction No. 5 that the theory of the complaint was that the proximate cause of the injury was the negligent escape of the fire from appellant's right of way to appellee's land, and "that a railroad company may be free from negligence in allowing combustible material to accumulate upon its right of way," and "permitting the same to be burned thereon," and that as

to whether appellant was guilty of negligence in allowing the fire to escape from its right of way was for the jury to determine.

It is insisted that this permitted the inference to be drawn by the jury that ordinarily a railroad company is guilty of negligence in allowing combustible material to accumulate on its right of way or in burning the same on the right of way, and inferentially put upon appellant the burden of showing in this cause that it was not negligent as charged. This instruction is not entirely free from the criticism offered, for, if it stood alone, a jury might be led to infer from the language employed that proof establishing the accumulation of the combustible material on the right of way, or the burning of the same thereon, would make out a cause of action on the part of appellee.

However, by instruction No. 6 the jury was informed, among other things, that if appellant permitted combustible material to accumulate as charged and allowed it to be burned on the right of way, it would have to use ordinary care to prevent the fire from escaping and injuring other lands. And by instruction No. 7 the jury was informed that if the evidence failed to show that the fire escaped from the right of way, as charged, through the negligence of appellant, it was not liable. By instruction No. 8 the jury was informed that there was no presumption that any of the material allegations of the complaint were true, and that there could be no recovery in the absence of establishing the material allegations of the complaint by the evidence, and that, if appellee failed to prove that whatever fire there was on the right of way was negligently suffered or permitted

to escape to his lands, there could be no recovery. When instruction No. 5 is considered, as it must be, in connection with the other instructions given (*Alexander* v. *Blackburn* [1912], 178 Ind. 66, 98 N. E. 711, Ann. Cas. 1915B 1091), appellant's rights were not prejudiced by the giving of the same, although it could have been couched in more appropriate language.

When the instructions given by the court are considered as an entirety, which they must be, the issues were fully covered thereby; they were applicable to the facts and seem to fairly state the law of the case. No error was committed by the court in refusing any of the tendered instructions.

We find no error calling for a reversal of the judgment.    Judgment affirmed.

Ibach, J., dissents.

NOTE.—Reported in 114 N. E. 475.    Railroads:    duty of owner of property abutting on a railroad right of way to protect it from fires set out by passing locomotives, 12 L. R. A. (N. S.) 526, 49 L. R. A. (N. S.) 166.    See under (1) 33 Cyc 1381; (2, 4) 33 Cyc 1344; 6-8) 33 Cyc 1397, 1398.