## WRIGHT v. GREEN ET AL.

[No. 10,019.    Filed April 23, 1918.]

1. FRAUDS, STATUTE OF.—*Sale of Land.—Parol Contract.—Force.*—
A parol agreement that in consideration of the surrender by
the natural parent of a child to be adopted by another, such
adopted child shall inherit land is a contract for the sale of
land and falls within the prohibition of the statute of frauds,
§7462 Burns 1914, §4904 R. S. 1881. p. 437.

2. FRAUDS, STATUTE. OF.—*Sale of Land.—Parol Contract.—Stat-
ute.*—An agreement in parol that an adopted child shall inherit
land is not taken out of the control of the statute of frauds,
§7462 Burns 1914, §4904 R. S. 1881, by performance on the part·
of the child by living with the adopted parents in conformity
with the agreement.    p. 437.

3. ADOPTION.—*Agreement for Inheritance by Adopted Child.—Con-
trol of Property.*—An agreement that an adopted child shall
inherit land, in consideration of its surrender by its natural
parent, and its adoption under such circumstances, does not
deprive the parents by adoption of the right of absolute control
and enjoyment of property owned or acquired by them, nor does
it take away or limit their right to dispose of their· property
during life in such manner as they may choose.    p. 438.

4. FRAUD.—*Fraud as to Child.—Agreement for Inheritance.—Plead-
ing.—General Averment.*—In an action to set aside deeds, a com-
plaint alleging that a child was surrendered by its natural par-
ent to be adopted by another in consideration of an agreement
to make such child an heir and that the parent by adoption dis-
posed of her lands to prevent such child from obtaining the same
in accordance with the agreement, is insufficient to show fraud;
nor is the complaint aided by a general averment of fraud. p. 438.

From Howard Circuit Court; *Charles A. Cole,* Spe-
cial Judge.

Action by Wilma N. Wright, by Joseph W. Lindley,
her next friend, against William Benton Green and
others.    From a judgment for defendants, the plain-
tiff appeals.    *Affirmed.*

*Charlton Bull* and *Bell, Kirkpatrick & Voorhis,* for appellant.

*Blacklidge, Wolfe & Barnes,* for appellees.

FELT, J.—This suit was brought by appellant against appellees to declare void and annul certain deeds, and also to set aside the will of Lucinda E. Foreman, deceased, in so far as the same affects the 100 acres of real estate conveyed by decedent to Wilma N. Wright, by the deed as hereinafter mentioned. The complaint is in one paragraph.

Appellees' separate demurrers for insufficiency of the facts alleged to state a cause of action were each sustained. Other grounds of the demurrers are not considered in the briefs. To each of such rulings appellant excepted, refused to plead over, and elected to stand upon the rulings so made. Thereupon the court rendered judgment that appellant take nothing by her complaint and pay the costs of the suit. From this judgment appellant prayed and was granted an appeal.

The errors assigned challenge the correctness of each of the rulings on the demurrers to the complaint.

The substance of the complaint, as far as material here, is as follows: Appellant, Wilma N. Wright, was born on April 8, 1909. She was the natural child of Eva Slack, and her father died prior to December 15, 1909. The mother was in indigent circumstances, and Lucinda E. and William E. Wright, then husband and wife, desired to adopt the child. Lucinda E. Wright was at that time the owner of 226 acres of real estate in Howard county, Indiana, and offered to adopt appellant, and promised her mother "that the child should inherit from her the 226 acres of land which she owned" if the said Eva Slack would

surrender her right to the child and consent to her adoption as aforesaid. William E. Wright also promised to make the child heir to his property. Thereupon Eva Slack, the mother, accepted the promise so made, and on the date aforesaid consented to the adoption, which was duly made by order of the Howard Circuit Court. The child was accordingly taken into the home of its adopted parents, where it remained until the death of its adopted mother on April 19, 1914. Eva Slack made the aforesaid agreement for and on behalf of her child, the plaintiff, and for her use and benefit. Subsequently to the adoption of the child, said Wright and Wright were divorced, and Lucinda E. Wright's name was restored or changed to Lucinda E. Foreman. Plaintiff and her mother, Eva Slack, in all things faithfully complied with all the terms and conditions of the agreement aforesaid. Lucinda E. Foreman wholly failed upon her part to carry out the aforesaid agreement in this: that on March 30, 1914, she entered into an unlawful and corrupt agreement with defendants for the purpose of preventing plaintiff from inheriting said farm of 226 acres; that in pursuance of such agreement on the date last aforesaid she executed to defendants William B. and Della Green a deed, whereby she conveyed to them 100 acres of said farm of 226 acres, subject to her life estate therein; that at the same time said Lucinda E. Foreman executed to appellant, Wilma N. Wright, a deed for 100 acres of the farm aforesaid, and placed such deed with her last will and testament; that she executed her will at the same time and therein provided that if she, the testatrix, died before Wilma N. Wright attained the age of twenty-one years, said deed should not be

delivered until she reached that age, and further provided that if said grantee died before she attained the age of twenty-one years, the deed should not be delivered, and should be destroyed by the executors of said will, in which event said real estate was to go to Barbara Nation and her children, the said Barbara being a sister of the testatrix; that in the event Wilma N. Wright attained the age of twenty-one years, the deed should be delivered to her and be recorded. It was further provided that the rents and profits of the 100 acres so conveyed to Wilma N. Wright should be used for her maintenance, support and education until she reached the age of twenty-one years. Appellees, Green and Green, were named executors of the aforesaid will and have taken and hold possession of all said farm of 226 acres. The will and deed aforesaid were executed for the fraudulent purpose of placing the property of the testatrix where Wilma N. Wright could not inherit the same, and to prevent her from obtaining the same in accordance with the agreement made as aforesaid at the time of her adoption by said Foreman.

The memorandum with each demurrer states (1) that the complaint shows upon its face that the contract sued upon is void under the statute of frauds; (2) that plaintiff shows that she has no title whatever in and to the real estate for which she sues.

Appellant cites and relies upon certain decisions by courts outside of Indiana as follows: *Horner* v. *Maxwell* (1915), 171 Iowa 660, 153 N. W. 331; *Quinn* v. *Quinn* (1894), 5 S. D. 328, 58 N. W. 808, 49 Am. St. 875; *Chehak* v. *Battles* (1907), 133 Iowa 107, 110 N. W. 330, 8 L. R. A. (N. S.) 1139, 12 Ann. Cas. 140; *Logan* v. *Wienholt* (1833), 7 Bligh (H. L.) 1; *Gregor* v.

*Kemp* (1722), 3 Swanst. 404. The foregoing decisions lend support to the general doctrine for which appellant contends with reference to the effect of a promise to make a child an heir, or to devise property, in consideration of the surrender by the natural parent of a child to be adopted by, or to live with, other persons as a member of their family.

But we do not find it necessary to determine whether the aforesaid decisions are applicable here for the reason that the identical questions presented have been decided adversely to appellant's

1. contentions by our Supreme Court. The gist of the complaint is that in consideration of appellant's natural mother agreeing to her adoption by Lucinda E. Wright, the latter agreed "that the child should inherit from her the 226 acres of land which she owned. It is not averred that the agreement was in writing or that there was any memorandum thereof in writing, signed by Lucinda E. Wright, or by any other person authorized to act for her. The agreement, therefore, was in parol. Such an agreement is in law a contract for the sale of land, and falls within the prohibition of our statute of frauds.

The transaction is not taken out of the control of the statute by the performance on the part of the child, evidenced by its living with its adopted

2. parents in conformity with such an agreement. §7462 Burns 1914, §4904 R. S. 1881; *Baxter* v. *Kitch* (1871), 37 Ind. 554, 557; *Wallace* v. *Long* (1886), 105 Ind. 522, 526, 531, 5 N. E. 666, 55 Am. Rep. 222; *Austin* v. *Davis* (1891), 128 Ind. 472, 475, 478, 26 N. E. 890, 12 L. R. A. 120, 25 Am. St, 456; *Johns* v. *Johns* (1879), 67 Ind. 440, 444; *Neal* v. *Neal* (1880), 69 Ind. 419, 423; *Knepper* v. *Eggiman* (1911),

177 Ind. 56, 63, 97 N. E. 161; *Hershman* v. *Pascal* (1891), 4 Ind. App. 330, 333, 30 N. E. 932.

It has also been decided that an agreement and the adoption of a child substantially as alleged in the complaint does not deprive the parents by adoption of the right of absolute control and enjoyment of property owned or acquired by such persons, nor does it take away or limit his right to dispose of his property during life in such manner as he may choose. *Austin* v. *Davis, supra,* 476, 12 L. R. A. 120, and notes.

The general averment of fraud does not aid the complaint, since there are no facts averred which show fraud. Lucinda E. Wright (Foreman) had the right to dispose of her property as she did, and the averments which show how she disposed of her real estate do not tend to support the charge of fraud. *Bennett* v. *McIntyre* (1889), 121 Ind. 231, 234, 23 N. E. 78, 6 L. R. A. 736; *Ray* v. *Baker* (1905), 165 Ind. 74, 83, 74 N. E. 619.

The court did not err in sustaining the demurrers to the complaint. Judgment affirmed.

NOTE.—Reported in 119 N. E. 379. Validity of oral agreement to devise land, 20 Ann. Cas. 1137; Ann Cas. 1915A 463. Right of adopted child to inherit from adopted parents, 39 Am. St. 225.