## Miller, Executrix, v. Kifer.

[No. 10,732.   Filed March 17, 1921.]

1. EVIDENCE.—*Action Against Decedent's Estate.—Self-Serving Declarations of Decedent.—Admissibility.*—In an action by a nephew against his uncle's estate for services rendered pursuant to his uncle's oral agreement to convey certain real estate in consideration of such services, but which real estate the uncle conveyed to other parties before his death, it was not error to refuse to permit a witness for the executrix to testify that decedent, while at witness' house to have her husband prepare the deeds to such other parties, said that if plaintiff and his wife had treated him as when plaintiff was a boy, the deeds would not be made, since the statement was a self-serving declaration made in the absence of plaintiff, and did not come within the exception to the general rule making such declarations admissible when accompanying an act proper to be given in evidence, and in some way qualifying or giving character to the same.   p. 202.

2. APPEAL.—*Review.—Instructions.—Exceptions.—Sufficiency.*—Exceptions to the action of the court in giving certain enumerated instructions and each of them, are not in gross, but challenge the correctness of each instruction severally.   p. 203.

3. APPEAL.—*Review.—Instructions.—Invited Error.*—Error in giving instructions is not reversible error where it was invited by instructions tendered by appellant and given by the court. pp. 204, 205.

4. WORK AND LABOR.—*Contract Unenforceable Under Statute of Fraud.—Recovery on Quantum Meruit.*—In an action against a decedent's estate to recover for services rendered upon decedent's parol contract to convey land in consideration of such services, recovery could be had upon the *quantum meruit* for services rendered pursuant to such contract, regardless of whether plaintiff fully performed all the services specified therein, although the contract itself was unenforceable as being within the statute of frauds.   p. 204, 205.

5. CONTRACTS.—*Complaint.—Presumption.*—Where it is not alleged in the complaint that the contract relied on was in writing, it will be assumed that it was in parol.   p. 205.

6. WORK AND LABOR.—*Presumption of Gratuitous Service.—Rebuttal.—Contract Unenforceable Under Statute of Frauds.— Action on Quantum Meruit.*—In an action by a nephew against his deceased uncle's estate for services rendered in reliance upon his uncle's parol contract to convey land to the nephew

therefor, such contract, although unenforceable as being within the statute of frauds, served to rebut the presumption that the services were rendered gratuitously, or under a mere hope of reward. p. 205.

7. APPEAL. — *Review.* — *Verdict.* — *Sufficiency of Evidence.* — *Weighing Evidence.*—If there is any evidence fairly tending to establish all the facts essential to a recovery, the verdict cannot be disturbed for insufficiency of the evidence, as the court on appeal will not weigh the evidence, but will decide whether there is or is not a total failure of evidence to support any material fact essential to a recovery. p. 206.

From Warrick Circuit Court; *Herdis F. Clements,* Special Judge.

Action by Paul Kifer on a claim against the estate of Charles A. Barton, deceased. From a judgment for plaintiff, the executrix, Sarah E. Miller, appeals. *Affirmed.*

*Zachariah Turpen, Roscoe Kiper* and *Henry F. Fulling,* for appellant.

*Caleb J. Lindsey,* for appellee.

BATMAN, J.—Appellee commenced this action by filing a claim for $3,000 against the estate of Charles A. Barton, deceased. The complaint on which the cause was tried consists of two paragraphs. The first paragraph alleges in substance that during the year 1899 said Charles A. Barton was the owner of certain real estate and offered to convey it to appellee by general warranty deed, if appellee as a consideration therefor would work and provide for him as long as he, said Barton, should live; that appellee accepted said offer and entered into the performance of the contract thereby created and performed labor for Barton pursuant thereto for a period of eight years, which was of the reasonable value of $3,000; that Barton died without having conveyed said real estate to him in accordance with the agreement, but in violation thereof conveyed it to other parties; that he has not received compensation for the

services performed by him in pursuance of said contract, and that there is now due him by reason thereof the sum of $3,000.

The second paragraph of complaint alleges that said Charles A. Barton in his life time was the owner of certain real estate and also owned personal property of the value of $1,000; that he was married, but without children; that appellee was the nephew of said Barton, and since he was six years of age had lived with his uncle, who had become greatly attached to him; that said Barton had a defect in one of his legs, which prevented him from performing farm labor, and that both he and his wife were sickly and required much care and attention; that in order to induce appellee to live with him and his wife during their declining years, said Barton entered into a contract, whereby he promised and agreed to convey and transfer said real estate and personal property to appellee, and to give him all the property, which he, said Barton, might own at his death, in consideration that appellee live with, and care for, him and his wife during their lives; that appellee thereafter lived with, and cared for, said Barton and wife until the death of the latter; that during said time he performed all the labor on the farm of said Barton and otherwise fully complied with all the terms of said contract by him to be performed; that, after the death of the wife of said Barton, he continued to live with, and care for, his said uncle, to perform said farm labor, and to comply with all other terms of said contract to be performed by him, until about six months prior to the death of said Barton, when he, said Barton, drove appellee from his home and refused to permit him to perform his part of said contract, although he stood ready and willing at all times to do so; that appellee performed services for said Barton in pursuance of said contract for a period of ten years, and that said services

so performed were of the value of $400 per year; that, after the performance of said services, said Barton conveyed said real estate without consideration to James D. Nicholson and Claude Barton, who took such conveyance with full knowledge of the foregoing facts, and that appellee by reason thereof was the owner of all of said property; that by reason of the facts alleged, appellee had been damaged in the sum of $3,000 for which he demanded judgment.

Each paragraph of the complaint was answered by general denials and pleas of payment. Appellant also filed two paragraphs of set-off against appellee, based on an amount alleged to be due the former from the latter for board, clothing, shelter, crops, live stock, buggies and tools, and on amounts expended by appellant's decedent on behalf of appellee for his maintenance and education and for medical attention furnished him. General denials were filed in reply to said pleas of payment and in answer to each paragraph of set-off. The cause was submitted to a jury for trial, resulting in a verdict and judgment in favor of appellee. Appellant filed a motion for a new trial, which was overruled, and this action of the court is made the basis of the only error assigned on appeal.

Appellee seeks to avoid a consideration of this appeal on its merits, by citing certain alleged imperfections in the record. An examination of the record discloses that his contentions in that regard are not well taken. *Cleveland, etc., R. Co.* v. *Morrey* (1909), 172 Ind. 513, 88 N. E. 932; *Shirley Hill Coal Co.* v. *Moore* (1914), 181 Ind. 513, 103 N. E. 802; *Town of New Carlisle* v. *Tullar* (1916), 61 Ind. App. 230, 110 N. E. 1001. His contention that appellant's brief does not disclose that she reserved any exception to the court's ruling on her motion for a new trial is evidently the result of an oversight. The cause is therefore before us on its merits.

Appellant contends that the court erred in refusing to permit witness Adeline Madden to testify that, while the decedent was at her house to have her husband prepare certain deeds and while the same were being written, she had a conversation with him (the decedent) in which he said, "If Paul and his wife had treated them as they did when he was a boy, the deed would not be made." If we assume that the deed to which reference is made was one of the deeds admitted in evidence and by which the decedent disposed of his land prior to his death, still the statement, being self-serving and made in the absence of appellee, would not be admissible under the general rule relating to such declarations. *Bristor* v. *Bristor, Admx.* (1882), 82 Ind. 276; *Wetzel, Admr.,* v. *Kellar* (1895), 12 Ind. App. 75, 39 N. E. 895; *Foster, Admr.,* v. *Honan* (1899), 22 Ind. App. 252, 53 N. E. 667. But appellant seeks to sustain her contention on the ground that such statement, although self-serving and made in the absence of appellee, was admissible in evidence under a well recognized exception to the general rule relating to self-serving declarations. That there is an exception to such general rule under which such declarations are admissible, we admit, but it only applies where the declaration accompanies an act proper to be given in evidence and in some way qualifies or gives character to the same, *McConnell* v. *Hannah, Admr.* (1884), 96 Ind. 102; *Creighton* v. *Hoppis* (1885), 99 Ind. 369; *Brown, Admr.,* v. *Kenyon* (1886), 108 Ind. 283, 9 N. E. 283; *Baker* v. *Baker* (1909), 43 Ind. App. 26, 86 N. E. 864. The statement which appellant sought to have admitted in evidence did not accompany the execution of the deeds in question, as contemplated by the exception, nor was it made to anyone connected therewith, but appears to have been a casual remark made to one who happened to be present while he was waiting to have deeds pre-

pared, which in no way qualified or gave character to any of his acts. While the exception under consideration is well recognized, it should not be extended beyond its established limitations. *Baker* v. *Baker, supra.* We conclude that the court did not err in refusing to admit said statement in evidence.

Appellant claims that the court erred in giving certain instructions, but appellee asserts that such errors cannot be considered, as appellant's brief does 2. not show that the instructions given were ever filed or that any exceptions were reserved to the action of the court in giving the same. This assertion by appellee is evidently the result of an oversight, as such facts are properly shown. It is also contended by appellee that no error in giving instructions is available to appellant, unless all of such instructions are erroneous, as the exceptions thereto are in gross. This contention is not well taken, as the record shows by an order-book entry, as well as by a memorandum made by appellant pursuant to §561 Burns 1914, Acts 1903 p. 338, that exceptions were duly reserved to the action of the court in giving the instructions enumerated *and each of them.* This is sufficient. *McKendry* .v. *Sinker, Davis & Co.* (1891), 1 Ind. App. 263, 27 N. E. 506.

The objection made to instruction No. 1, given at the request of appellee, is based on a claim that it is mandatory and omits any reference to the affirmative answer and set-off filed by appellant. In view of instructions Nos. 11 and 13, given at the request of appellant on the subject of payment and counter demand by way of set-off, we must hold that the objection under consideration is not well taken. The case of *Bowers, Admr.,* v. *Starbuck* (1917), 186 Ind. 309, 116 N. E. 301, is directly in point.

Appellant complains of the action of the court in giving instructions Nos. 2 and 3. The latter contains an

enumeration of facts and circumstances which
3.  the jury was informed that it might consider in
determining whether or not a contract existed
between appellee and the decedent. Appellant contends
in effect that these facts and circumstances would only
tend to establish an implied contract, and therefore were
not within the issues, as this action is based on an ex-
press contract. We do not concede that this action is
based on an express contract, but, if it were, still the
giving of said instruction was not reversible error, as it
was clearly invited by a number of instructions ten-
dered by appellant and given by the court. The same
may be said of said instruction No. 2. *Duncan* v. *State*
(1908), 171 Ind. 444, 86 N. E. 641.

One of the objections urged against instruction No.
4 is that it assumes the existence of a fact which the
jury was required to determine. The instruction was
not as carefully prepared as it should have been, but, in
view of instructions Nos. 1, 4, 6, 11, and 15, given by the
court at the request of appellant, it would not be rea-
sonable to presume that the jury was misled by said
instruction to the prejudice of appellant. *Brinkman* v.
*Pacholke* (1908), 41 Ind. App. 662, 84 N. E. 762; *Mor-
gan* v. *Hoadley* (1901), 156 Ind. 320, 59 N. E. 935;
*Wellington* v. *Reynolds* (1912), 177 Ind. 49, 97 N. E.
155; *Baltimore, etc., R. Co.* v. *Peck* (1916), 68 Ind. App.
269, 114 N. E. 475. Under these circumstances and the ap-
parent correctness of the result reached, we conclude
the court did not commit reversible error in giving said
instruction.

Appellant contends that said instruction No. 4 is
erroneous for the further reason that the jury was
thereby informed that appellee could recover if
4.  he rendered services pursuant to the alleged con-
tract, although he may have refused to fully com-
ply with the terms thereof. The same objection is

urged against instruction No. 5. This contention is not well taken. It will be observed that each paragraph of the complaint alleges that a contract was entered into between appellee and decedent, which involves the sale of land. It is not alleged to have been in writing, and therefore we must assume it was in parol. *Wabash R. Co.* v. *Grate* (1913), 53 Ind. App. 583, 102 N. E. 155. This being true, it is within the statute of frauds and affords no basis for a recovery, but compensation may be had for the services alleged to have been rendered in pursuance thereof upon the *quantum meruit. Smith, Admr.*, v. *Lotton* (1892), 5 Ind. App. 177, 31 N. E. 816; *Hershman, Admr.*, v. *Pascal* (1892), 4 Ind. App. 330, 30 N. E. 932; *Flowers* v. *Poorman* (1909), 43 Ind. App. 528, 87 N. E. 1107; *Schoonover, Exr.*, v. *Vachon* (1889), 121 Ind. 3, 22 N. E. 777. Such is evidently the theory of each paragraph of the complaint, notwithstanding the recitals with reference to the parol contract entered into between himself and the decedent. *Humphrey* v. *Johnson* (1920), 73 Ind. App. 551, 127 N. E. 819. On such theory a recovery may be had, regardless of whether appellee fully performed all the services specified in such contract, since it only serves to rebut the presumption that the services were rendered gratuitously or under a mere hope of a reward. *Hershman, Admr.*, v. *Pascal, supra; Knight, Admr.*, v. *Knight* (1893), 6 Ind. App. 268, 33 N. E. 456; *Schoonover, Exr.*, v. *Vachon, supra; Wallace* v. *Long* (1886), 105 Ind. 522, 5 N. E. 666, 55 Am. Rep. 222; *Humphrey* v. *Johnson, supra.* It follows that there was no error in giving either of said instructions.

Instruction No. 8 relates to certain money received by appellee, which appellant claims was paid to him as a legatee under the will of the decedent. Appellant claims that the instruction is erroneous

because the jury was informed thereby that it could not consider the receipt of such money by appellee as a payment, unless it was a part of the assets of the estate of said decedent. If appellant is correcet in her contention that such limitation rendered the instruction erroneous, still such error would not be cause for reversal, as she clearly invited the same by requesting the court to give instruction No. 11, in which payments on appellee's claim were limited to those made by the decedent in his lifetime or *from his estate since his death.*

Appellant contends that instruction No. 10 assumes that appellee was employed by the decedent, ignores her affirmative defenses, and is therefore erroneous. There is no assumption of employment in the instruction and, in view of what we have said in considering instruction No. 1, the failure to mention appellant's affirmative defenses does not constitute a valid objection. Appellant also contends that instructions Nos. 5, 6 and 8, hereinbefore considered, invade the province of the jury, but an inspection of them shows that such contention is not well taken.

Appellant predicates error on the action of the court in refusing to give instructions Nos. 16 and 17 requested by her. Each of these instructions informed the jury in effect that, if it found that a contract had been entered into between appellee and the decedent as alleged and that the former voluntarily abandoned the same, prior to the death of the latter, that its finding should be for appellant. From what we have said in considering instructions Nos. 4 and 5 given by the court on the request of appellee, it is clear that the court did not err in refusing to give either of said instructions.

The only remaining reasons for a new trial presented for our consideration are that the verdict is not

7. sustained by sufficient evidence and is contrary to law. If there is any evidence fairly tend-

ing to establish all the facts essential to appellee's recovery under either paragraph of the complaint, the verdict cannot be disturbed for insufficiency of the evidence, as this court will not weigh the evidence, but will only decide whether there is, or is not, a total failure of evidence to support any material fact essential to a recovery. *Chicago, etc., R. Co.* v. *Hamerick* (1911), 50 Ind. App. 425, 96 N. E. 649; *Globe, etc., Ins. Co.* v. *Indiana, etc., Co.* (1916), 62 Ind. App. 528, 113 N. E. 425; *Smith* v. *Ponsford* (1915), 184 Ind. 53, 110 N. E. 194. We have carefully examined the evidence, and under the above rule we are unable to say that the verdict is not sustained by sufficient evidence. There is no ground for holding that the verdict is contrary to law.

Judgment affirmed.